DELANO *v.* FRISINGER CONSTRUCTION COMPANY.

[No. 15,520. Filed November 7, 1935.]

*Bess Robbins* and *Harold Mull,* for appellant.

E. J. *Boleman, Burrell Wright* and *Jacob S. White,* for appellee.

KIME, J.—Appellant, on August 17, 1933, while in the employ of appellee, sustained certain injuries by reason of an accident which occurred while appellant was filling the gasoline tank of the concrete mixer at which he was working. The gasoline tank overflowed and the gasoline coming in contact with the ignition of the motor exploded and knocked appellant backwards from the top of a tank which was about eight feet above the ground. The can of gasoline in his hand became ignited, most of his clothing was burned, and the flame came up and into his right eye. Appellant by reason of such accident sustained a burn in his right eye, a burn on his right arm and shock to his system. Appellee took appellant to one Dr. Wagoner and had his eye dressed. The next morning his eye began bothering him so he went to Dr. Van-Meter, who treated his eye. He returned to work but because he was unable to do so the superintendent sent him home. His eye became swollen. On August 30, 1933, an agreement was entered into between appellant and appellee, by the terms of which it was stipulated that the appellant's weekly wage was $13.50 and that appellant should receive compensation at the rate of $8.80 per week during total disability not exceeding the period fixed by law, on account of an injured eye, beginning August 25,

1933. On February 1, 1934, appellant signed a final receipt for $199.98, being the total of 22 5/7 weeks' compensation.

On August 1, 1934, appellant filed an application for a review of the award on account of change in condition, alleging that the disability, because of such injury, since the date of said award: (1) had recurred; (2) had increased; (3) resulted in a permanent partial impairment; and (4) that said permanent partial impairment has increased since the date of the award.

The single member of the Industrial Board upon hearing the evidence found for the appellant and awarded 150 weeks compensation at the rate of $8.80 per week beginning August 25, 1933, and allowed credit for all compensation already paid, but ordered that all compensation now due be paid in a lump sum. From this award appellee appealed to the full board. There was no additional evidence heard and the full board passed on the record that was before the single member.

A part of the finding and order of three members of the full board reads as follows:

"And the full Industrial Board, by a majority of its members, now finds for the defendant on plaintiff's application, that plaintiff's disability has not recurred; that plaintiff's disability has not increased and that plaintiff has suffered no permanent partial impairment as the result of the accidental injury of August 17, 1933.

ORDER.

"It is therefore considered and ordered by the full Industrial Board of Indiana, by a majority of its members, that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

From this order appellant appeals, assigning as errors that the award of the full Industrial Board is contrary to law and that the finding, order and judgment of the full Industrial Board is contrary to law.

The only question presented is "Does the evidence conclusively show that the disability growing out of said injury has increased or recurred?"

The uncontradicted evidence shows that the doctor who treated the right eye the day after the accident found that the eye had been subjected to a second degree burn; that the explosion came so quickly that appellant was unable to close his eyelid and therefore it was not burned, however, up in the lid the folds and cornea were subjected to a second degree burn. That the eye did not respond to treatment and, as a matter of fact, responded adversely. That there had been a change in appellant's condition in that on the 11th day of October, 1933, appellant's right eye could read 20/30, corrected with glasses, 20/20, missing two letters in eight letters. Now appellant can not read the doctor's fingers at four feet but does have light perception; that the condition of appellant's eye is due to shock, is permanent and there is 90% disability in the right eye. Said doctor further testified as follows: "Q. Doctor, in your opinion, did the condition now existing in the right eye of plaintiff result from the accident of August 17, 1933, which he (the appellant) described to you?" "A. Yes."

An eye specialist testified that on October 24, 1933, the right eye of appellant was 21/55 and now the right eye is 22/100 minus and is industrially blind. He further said that usually a disease would cause the condition of the eye from which appellant was suffering, but that he knew of no diseased condition existing in the appellant that would have caused the condition of appellant's right eye.

We have read the balance of the testimony of the expert, which testimony appellee contends is sufficient to sustain the award of the Industrial Board. From such testimony the Industrial Board could have reached but one logical result and that is that

appellant is industrially blind and inasmuch as the expert did not give appellant the malingering tests he did not know (as he admitted) whether appellant could read or not. His testimony that appellant "would not read" is of no controlling force, since he did not testify that he gave appellant any tests to determine whether or not appellant's right eye was unable to see or read. In the face of the expert's testimony that the appellant was industrially blind; that he had become so since the first examination and in the absence of any malingering tests this expert's testimony that appellant "would not read" has no basis in fact and can not be considered.

We are fully aware of the rule which gives to the Industrial Board the right to draw inference from facts proven, but when, as here, all the evidence establishes the fact that the injury sustained by appellant on August 17, 1933, caused the right eye disability, which disability has increased since February 1, 1934, any other inference than that such disability has increased would be illogical and contrary to law. The inference that the board evidently drew that appellant was a malingerer because he "would not read" can not be said to be reasonable because the evidence does not disclose that any tests were given to determine appellant's ability or inability to read with his right eye and the expert testified that he did not give any malingering tests. Any inference drawn other than that appellant is industrially blind in his right eye could only be drawn by a failure to notice and give effect to such positive testimony of a qualified medical expert, who thoroughly examined appellant's right eye and knew the history of the condition thereof, and without qualification and unhesitatingly testified that not only has the disability to the right eye increased but that such increased disability is predicated upon the injury of August 17, 1933, which testimony is not at variance with any proven or admitted facts.

*Fleeger* v. *Nicholson Bros.* (1935), 100 Ind. App. 103, 192 N. E. 842.

Our court, in the case of *Russell et al.* v. *Scharfe* (1921), 76 Ind. App. 191, 197, 130 N. E. 437, said: "We are not unmindful of the settled rule, that in determining what has been established by the evidence courts and juries may consider not only the facts directly proved, but also all reasonable inference that may be *properly* drawn therefrom. However, this rule cannot be applied *arbitrarily,* but judgment must be exercised in so doing, in accordance with correct and common modes of reasoning. An inference should not be drawn where *sufficient facts are wanting* . . . An inference can not be said to be reasonable, which *can only be drawn by a capricious disregard of apparent truthful testimony.* . . ." (our italics) and later, in the case of *Milholland Sales, etc.* v. *Griffith* (1932), 94 Ind. App. 62, 180 N. E. 603, said (p. 69) : "It is true that the Industrial Board in determining what has been established by the evidence, may consider not only the facts directly proved, but also all reasonable inferences that may be properly drawn therefrom. This rule, however, cannot be applied arbitrarily, but judgment must be exercised in so doing in accordance with correct and common modes of reasoning."

The evidence conclusively shows that appellant's disability had recurred, had increased, and that appellant had suffered permanent partial impairment as the result of the accidental injury of August 17, 1933.

The order of the Industrial Board is reversed with instructions to enter an award in favor of appellant for 150 weeks compensation at the rate of $8.80 per week beginning August 25, 1933, allowing credit for all compensation already paid, but ordering that all compensation now due be paid in a lump sum.