## WILLIAM E. ROBINSON *vs.* GEORGE F. BLAKE MANUFACTURING COMPANY.

Bristol. Oct. 28, 1886. — Feb. 23, 1887. DEVENS & W. ALLEN, JJ., absent.

In an action against a corporation for personal injuries, the plaintiff's evidence tended to show that the defendant contracted with another corporation to take out a condenser and put in a new one, and for that purpose sent to the latter's place of business one A. as its agent, with authority to employ all necessary labor and materials to do the work; that A. employed the plaintiff and others to assist him in the work, and asked the plaintiff if he had any blocking, to which the plaintiff replied in the affirmative, and A. told him to get it, which direction the plaintiff repeated to another, who procured three blocks and a piece of joist for a cross bar; that, under A.'s direction, one block was placed on one side of a hole in the floor of a room, and the other two blocks were placed in a similar position on the opposite side of the hole, one on top of the other, the cross bar was placed across the hole upon the blocking, a chain cable was attached to the cross bar by a strap, and hung down through the hole, and the whole arrangement was used as a hoisting apparatus; that none of the blocking was fastened; and that, while so used for hoisting, the blocking slipped and the cross bar came down the hole, and injured the plaintiff. The plaintiff also offered evidence that, with the articles actually used in constructing the hoisting arrangement, and no more, it could not be made safe for the work to be done. There was no evidence that anything broke, or that the materials were defective. *Held*, that it could not be ruled, as matter of law, that it was the duty of the defendant to furnish the materials. *Held, also*, that if it was the duty of the defendant to furnish materials, and the accident was caused by an error of judgment on the part of A. in not fastening the blocks together, the plaintiff could not recover, in the absence of evidence that means of fastening could not readily have been had.

Tort for personal injuries. . Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered evidence, or it was agreed, that the defendant contracted with the Flint Mills, in Fall River, to take out a condenser for a steam pump and put in a new one; and that, for this purpose, it sent to Fall River Charles H. Atkins, a salesman in its employ, of experience in this work, as its agent and representative, to take out the old condenser and put in the new one, with authority to employ all necessary labor and materials to do the work.

Atkins employed the plaintiff and his brother, and others, to assist him in the work, and asked the plaintiff if he had any boxes or blocking. The plaintiff replied, that there were no boxes, but that there was some blocking. Atkins said, " Get the blocking; " and the plaintiff said to his brother, " Get the blocking." The plaintiff's brother procured three blocks, one about twelve by six inches, and four feet long, and two others about six by six inches, and four feet long, and a piece of joist for a cross bar. Under Atkins's direction, the twelve-inch block was placed on the side of a hole two and one half feet square in the floor of the room over the basement where the condenser was, and the two six by six inch blocks were placed similarly on the opposite side of the hole, one on top of the other. The cross bar was placed across the hole upon this blocking, and to the middle of the cross bar a chain cable was attached by a strap, and hung down through the hole. The plaintiff took no part in the construction of the blocking, and did not see it put in place, but tied the strap around the cross bar through which the chain cable was placed. None of the blocking was fastened. The old and the new condenser were each in two parts. This hoisting arrangement was used successfully to get out both pieces of the old condenser, and to set the first and larger piece of the new condenser. While hoisting the second piece of the new condenser into position, the blocking slipped, and the cross bar came down through the hole and hit the plaintiff, causing the injuries complained of.

The plaintiff also offered evidence that the hoisting arrangement was necessary, and, as constructed, was dangerous; and

that, with the articles used in constructing it, and no more, it could not be made safe for the work to be done. There was no evidence that anything broke, or that the materials were defective.

The defendant offered evidence that, after the accident, the same appliance was successfully used; and also offered evidence in contradiction upon all the other points, and, among other things, that Atkins was not present when the hoisting arrangement was constructed, but that the same was constructed by the plaintiff.

At the close of the testimony, the defendant asked the judge to direct a verdict for the defendant, upon the ground that Atkins was a fellow servant with the plaintiff; and that as the accident, upon the plaintiff's testimony, occurred through Atkins's negligence, the plaintiff could not recover. The judge declined so to rule.

The defendant then asked the judge to instruct the jury as follows: " 1. There is no evidence of negligence on the part of defendant, unless it is found in the construction of the blocking. 2. If the jury find that the injury resulted from the slipping of the blocking, and that the blocking was negligently constructed, they cannot find for the plaintiff, even though they find that the blocking was constructed under the direction of Atkins, if they find that the preparation of the appliances for the work was entrusted by the defendant to Atkins as a fellow workman of the plaintiff, with authority to furnish all necessary appliances and employ all necessary assistance, and that, in pursuance of this authority, he furnished the materials and employed the plaintiff."

The judge declined to give these instructions, and, after proper instructions as to the determination of the question of fact, which was in issue, whether Atkins was present or not, instructed the jury as follows:

" It is the duty of a corporation, when it assumes and undertakes to furnish materials, or machinery, or appliances that an employee is called upon to use in the performance of his duty, that it shall provide suitable appliances, or shall, as the law puts it, exercise reasonable care in that regard.

" The master is bound to exercise proper care in supplying suitable appliances, instrumentalities, or materials for the

performance of the work required, when that duty devolves upon him, and a defendant is liable for injuries occasioned by neglect to fulfil this master's duty, whether it arises from his own want of care or that of his agent, to whom he entrusts the duty.

"But if the plaintiff was not exercising any care or control himself, but was simply acting as an employee of another man, and the other party was directing him and guiding him, and he was acting under his orders, and had no skill with regard to the matter, but relied wholly upon the judgment of the person who was directing him, and did as he was told, then he might not have any responsibility in the matter if he had no knowledge as to what was required to make the appliances safe, but relied wholly upon the judgment of another who was rightfully directing him. This is wholly a question, as I have said, of fact, for you to determine.

"Now, if you find that this was done by the plaintiff, if he undertook to do this work himself, assumed to do it, and made the preparation and arranged the platform and procured from the shop the tackle, and assumed to have the skill and judgment himself, and was acting according to his own judgment in guiding and directing, unguided and undirected by the agent of the defendant, then, if there was any want of proper appliances, he would be so far answerable for it as to be unable to recover. But if, on the other hand, the defendant was there itself, or by its agent, and provided the machinery and appliances, and they were not reasonable and suitable, and the plaintiff believed them to be reasonable and suitable, had no idea that they were not so, was rightfully acting on the assumption that they were, and received injury by reason of their being unsuitable for the work and their improper character and condition in those respects where the defendant corporation was bound to provide, then he can recover.

"I have assumed that the duty of providing suitable apparatus and appliances for the performance of this work was with the defendant, provided it assumed it, assumed to do it, and I have left that question to you as to whether or not it had assumed to do it, — that was why I did not go into that matter at any considerable length. I have been asked to rule, as matter

of law, that, under the circumstances that are presented to you here, Atkins was a fellow servant, and being a fellow servant, if it was his carelessness or negligence which caused the injury, then the injury would be caused by the negligence of a fellow servant, and therefore he cannot recover. The law is, if a party suffers an injury by the carelessness or negligence of a fellow servant, then he cannot recover. In this case, if the injury was caused by the negligence of a fellow servant, then the plaintiff cannot recover. But I have assumed here, for the purpose of trying this case, that if the defendant assumed to do this work, — and by assuming I do not mean contracted to do it, because that contract is a matter between the defendant and the Flint Mills, and the plaintiff is entitled to no benefit from that, and could get no damages if there was a breach of that contract, — but I said that that was only proper to be considered as evidence bearing upon the question as to Atkins's position there. Then you will take the testimony here, not as to what the contract was, but as to what he actually undertook to do there, and assumed to do. If he assumed to do that, I instruct you, as matter of law, that he was doing that as the work of the master, and although he might be a fellow servant in that particular, in the providing of the apparatus he would be acting as the agent of the master, and would be performing the master's duty in reference to those matters where the master was bound to act. If Atkins failed to provide suitable appliances as the representative of his master, then the plaintiff can recover."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. W. Clifford,* for the defendant.

*J. W. Cummings,* for the plaintiff.

C. ALLEN, J. It is not a universal rule of law that an implied duty rests upon an employer to furnish suitable means, machines, implements, and instrumentalities for doing his work. This may depend on the nature of the employment and the circumstances of the case. The natural inference from these might be that the servant or person employed was to furnish his own tools and appliances. Or the nature of the work to be done might be such that it would be natural and reasonable to infer that both parties understood that the servant should

procure whatever might prove to. be needed, according to his own judgment, as a part of his employment. If a person is employed to do a piece of work himself, with the understanding that he shall procure such means, materials, or implements as he finds to be needed, and if he enters upon the execution of the work and procures insufficient or defective means, materials, or implements, it might be found that the master did not assume any responsibility to such servant for their sufficiency or quality, even though he was to pay for them. Nor is the case necessarily different, if the person so employed is authorized to engage others to help him do the work, as well as to procure means and appliances. If, for example, the work to be done should include the moving or raising of a heavy article, which could be done with the use of a simple fulcrum and lever, and the employer's foreman, in charge of the work, should be left to provide them at the place where the work was to be done, and he should take a common stone for the fulcrum and a piece of scantling or a rail from a neighboring fence for the lever, and the stone should roll, or the lever break, and one of the men engaged in the work should be hurt thereby, a jury would naturally find that such selection of materials and appliances was a part of the work to be done, and not within the implied duty and undertaking of the employer.

In the case at bar, this aspect was not presented to the jury. The question was, whether, under the circumstances disclosed, and in view of the nature of the work to be done, the place of its execution, and the character of the means and appliances required to aid the workmen, it was the implied duty of the defendant to furnish such means and appliances; whether, in the absence of any express contract upon the subject, this duty, according to the understanding of the parties, rested upon the defendant, or upon those who should undertake to do the work. According to the instructions given, this duty was assumed to rest upon the defendant. But it might well be found that the parties did not understand that the defendant was to be responsible for the selection of the blocking or other means to be used in raising the condensers. If the bill of exceptions contains all the facts necessary to be taken into consideration, the more natural inference is, that the plaintiff did not rely upon the

defendant, or upon Atkins as representing the defendant, to furnish suitable means and appliances, but rather that, by mutual understanding, this was a matter left to be done in the execution of the work, and as a part of it. From the circumstances proved, the law does not imply an undertaking on the part of the defendant to be responsible for the sufficiency and safety of the means and materials to be employed. These circumstances are at most but evidence, from which, taken in connection with other facts, such undertaking might be inferred by the jury. And, in the absence of any express contract or implied undertaking, of course negligence is not imputable to the defendant. *Clark* v. *Soule*, 137 Mass. 380. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268, 274. *Harkins* v. *Standard Sugar Refinery*, 122 Mass. 400.

There is another consideration that ought to be mentioned. In order to recover, the plaintiff must show not only that it was the defendant's duty to furnish proper materials, but that it failed in that duty. There was no evidence that anything broke, or that the materials were defective. The mistake seems to have been in supposing that the blocking would not slip, and that it needed nothing to keep it in place. There was no evidence to show that the means of fastening it could not readily have been had, if it had been thought necessary to use such means. The plaintiff offered evidence that, with the articles actually used in constructing the hoisting arrangement, and no more, it could not be made safe for the work to be done. This does not imply that means of making it more secure were wanting; and we fear that the verdict may have been returned for the plaintiff merely because the jury thought that there was an error in judgment in putting one block on top of another without fastening them together, and that thus an unsuitable hoisting arrangement was provided by Atkins. See *Floyd* v. *Sugden*, 134 Mass. 563; *Zeigler* v. *Day*, 123 Mass. 152.

*Exceptions sustained.*