MORGAN *v.* UNITED TAXI COMPANY, INC., ET AL.

[No. 16,179. Filed May 10, 1938.]

*Rochford & Rochford,* for appellant.

*Kammins & Kroot* and *Albert Stump,* for appellees.

DUDINE, P. J.—This is an appeal from an award of the Industrial Board which denied appellant compensation, as the dependent widow of James Theron Morgan.

It is not necessary that we discuss the pleadings. The finding and award of the full Industrial Board, omitting the formal parts thereof, are as follows:

"And the full Industrial Board having heard the argument of counsel and having reviewed the evidence and being duly advised therein now finds that on February 26, 1936, one James Theron Morgan died; that at the time of his death the said James Theron Morgan was living with Fannie Morgan, his wife, who was wholly dependent upon him for support; that on August 25, 1937, the plaintiff filed her application for the adjustment of a claim for compensation.

"And the full Industrial Board now finds for the defendants on the plaintiff's application that the death of the said James Theron Morgan was not due directly or indirectly to any accidental injury arising out of or in the course of his employment with the defendants.

## ORDER

"It is therefore considered and ordered by the full Industrial Board of Indiana that the plaintiff take nothing by her complaint herein and that she pay the costs of this proceeding."

Appellant assigns as error on appeal that the award is contrary to law, and contends in her brief that the

evidence conclusively shows that decedent's death resulted from an accident which arose out of and in the course of his employment by appellees.

Appellees contend that the evidence shows that said accident did *not* arise out of and in the course of decedent's employment. Appellees make other contentions, but said contention of appellees above referred to, if tenable, is controlling and since we have concluded that it is sustained by the record it is not necessary that we discuss or dispose of any other contentions.

In considering the question whether or not the evidence shows that the accident arose out of and in the course of decedent's employment, we may disregard all evidence which is unfavorable to the decision of the Industrial Board, and unfavorable to appellees' said contention. Only the evidence favorable to said contention, and inferences favorable thereto, which are reasonably deducible from said evidence, should be considered.

There is evidence in the record which shows that decedent was employed as a taxi driver, that on January 24, 1936, at about 9:30 A. M., he was found by a co-employee, in the back seat of his cab, which was parked on the north side of Thirtieth Street, immediately east of Central Avenue, in Indianapolis. There was an established taxicab stand on the south side of Thirtieth Street in said block, where decedent was required by rules of his employer to park his taxi. There were "no parking" signs on the north side of the street where his cab was parked. Decedent was suffering. Upon inquiry he told the co-employee that he had fallen when he got out of the taxi to get some cough drops from a drug store. He had a cold. There was a drug store at the northwest corner of said street intersection. Decedent died about a month later. His death resulted from the injuries which he suffered that day.

If decedent had been stepping out of his cab for the purpose of taking on or letting off a passenger, when he fell, it might be reasonably said that the accident arose out of and in the course of his employment, but in view of the fact that the evidence shows indisputably that he fell as he stepped out of his cab to get some cough drops, we think it would be unreasonable to hold that the accident arose out of and in the course of his employment. Appellant contends that decedent was getting the cough drops to improve his services as a taxi driver and thus promote his employer's business, and therefore it should be held that the accident arose out of his employment. To sustain such a contention would require us to give to the phrase "out of and in the course of the employment" a construction which would be vague, indefinite and much more comprehensive than we think the legislature intended. We think the evidence shows clearly that decedent was performing a mission of his own when he fell.

Many authorities are cited by appellant, none of which are controlling here. *In re Betts* (1918), 66 Ind. App. 484, 118 N. E. 551, involved facts which were more similar to the facts in the instant case than any other case which we have found. The decision in that case on the question of whether or not an accident arose out of and in the course of the employment is in harmony with our decision here.

Award affirmed.