McFARLAND v. COMMONWEALTH LIFE INSURANCE COMPANY OF LOUISVILLE ET AL.

[No. 16,361. Filed October 16, 1939.]

14

*Harry Taylor,* and *Jules Grossman,* for appellant.

*George C. Forrey, III,* and *White, Wright & Boleman,* for appellees.

BRIDWELL, J.—Appellant filed his application for an adjustment of his claim for compensation with the Industrial Board of Indiana. After a hearing, and an award made by one member of the board, an application for review was filed, and the full Industrial Board, after hearing, made its finding which, omitting its formal parts, is as follows:

"The Full Industrial Board . . . now finds that on January 13, 1938, plaintiff suffered an accidental injury as a result of which said plaintiff has sustained a 25% permanent partial impairment to his right leg; that on May 16, 1938, plaintiff filed his application for the adjustment of a claim for compensation, and the Full Industrial Board now finds for the defendant as against the plaintiff on all the other material allegations of the plaintiff's complaint filed May 16, 1938."

The award ordered "that plaintiff shall take nothing by his complaint herein," and that he pay the costs. The errors assigned are that the award is "contrary to law" and "not supported by sufficient evidence."

It appears from the evidence that appellant was

employed by appellee Commonwealth Life Insurance Company "as a collector and salesman." As a collector, his duties required of him that he collect the premiums due weekly on Industrial insurance policies which had been issued by his employer. In doing so, he covered a fixed route, but had no definite schedule of hours for the doing of such work. He received for this service a salary of $18.00 per week. As a salesman, he worked on a commission basis, was not limited as to territory, and was authorized to sell "Industrial, Whole Life, and Endowment life insurance."

Appellant lived in Mishawaka, Indiana. The office of the insurance company by whom he was employed and the collection route he covered in collecting weekly premiums due said company were located in South Bend, Indiana. On the afternoon of January 12, 1938, appellant went to Osceola, Indiana, to contact a "prospect" for life insurance, and upon visiting the working place of such prospect (a dairy) learned he was not there, but was expected about 7 o'clock, p.m. Appellant then returned to South Bend, made debit collections on his collection route, then went to the company's office where he worked on his accounts until approximately 10:45 p.m. Afterwards, about 11 o'clock, p.m., he drove to the home of a friend in South Bend, invited him to accompany him, and the two proceeded to Osceola. After reaching Osceola, they drove to the dairy heretofore mentioned, arriving there about 11:30, and remaining for about an hour and a half. The "prospect" was not at the dairy, and appellant started back to South Bend. On the road back appellant and his friend stopped at a restaurant for approximately half an hour, and then resumed the journey. The roads and streets were slippery because of an icy condition, and while driv-

ing in Mishawaka, appellant lost control of his automobile, which skidded, turned in the opposite direction, and, proceeding a distance of more than 300 feet, struck a telephone pole, and appellant sustained the injuries for which he sought compensation. The accident occurred about 2 o'clock, a.m.

There is an entire lack of evidence to prove that appellant, prior to the trip on which he was injured, had made or attempted to make any arrangements whatever to interview the "prospect" for life insurance who lived at Osceola. So far as the record discloses, he had never discussed the question of insurance with the claimed prospect. There is no evidence that any suggestion had been made or direction given by appellant's employer that he see or attempt to interview this alleged prospect at any time, nor is there any evidence to show the working hours of said prospect, nor that it might reasonably be expected that he could be found at the dairy at an hour approximating midnight on the night the accident occurred. Upon reading the entire evidence, we are of the opinion that it is not of such character as to force a conclusion contrary to that reached by the Industrial Board, which may have concluded from all the facts proved, and the reasonable inferences which could be drawn therefrom, that the purpose of the journey made by appellant and his companion was something other than to solicit an insurance contract.

Award affirmed.