CASSAGNE *v.* SNOW HILL COAL CORPORATION

[No. 16,519.   Filed January 23, 1940.   Rehearing denied
March 6, 1940.]

*Stanley E. Stohr,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board denying appellant compensation. The Industrial Board found that appellant suffered an accidental injury on April 25, 1939, that he was in the employ of appellee on that date, but found further "that the injury sustained by plaintiff on April 25, 1939 was not the result of an accident arising out of plaintiff's employment with the defendant, but followed the doing by plaintiff of a thing for his own convenience not related to his employment. . . ."

The evidence shows that appellant was employed by appellee to assist, and was engaged in assisting a driller in appellee's coal mine on April 25, 1939, that after he had completed his day's work, and on

his way from the coal room, in which he had been. working, to the shaft to go out of the mine and go home, appellee jumped on a running "motor" to ride to a stairway leading to the shaft. The "motor" is an electric engine used to pull and push cars in the transportation of coal in the coal mine. In the act of getting on the "motor" appellant's foot slipped off the running board and into the front wheel of the "motor" and "he got four toes mashed". That accidental injury is the basis of this proceeding.

The evidence indisputably shows that appellant, as such employee, had no duties whatsoever to perform with or upon the "motors".

Appellant contends that the evidence indisputably shows that it was the regular custom and practice for all of the employees working with appellant to ride "motors" out toward the stairway on their way out of the mine at quitting time and appellant contends that because of such custom the relation of employer and employee between appellee and appellant had not ceased when the accident occurred.

Appellant relies strongly upon *Sedlock* v. *Carr Coal Mining and Manufacturing Co.* (1916), 98 Kans. 680, 159 Pac. 9 to support his said proposition. We deem it sufficient to say, with reference to that case, that it is distinguishable from the instant case because of the dissimilarity in facts.

There is evidence in the record which tends to show that some of said employees rode the "motors" out toward the stairway at quitting time. It should be noted, however, that there is no evidence in the record which shows how long the practice of riding to the stairway on "motors" continued if there was such a practice; and that the evidence does not conclusively show that appellant corporation had knowledge ex-

press or implied of such practice. There is some evidence in the record which would sustain a finding that it was the practice of said employees to walk to the stairway at quitting time.

Having considered all of the evidence, we find that it does not conclusively show that a custom of the employees to ride the "motors" to the stairway at quitting time was established.

The evidence when considered together with inferences favorable to the award, which inferences might reasonably have been drawn by the Industrial Board, is sufficient to sustain the finding "that the injury sustained by plaintiff on April 25, 1939 was not the result of an accident arising out of plaintiff's employment with the defendant but followed the doing by plaintiff of a thing for his own convenience not related to his employment . . . ."

No reversible error having been shown, the award is affirmed.