AMERICAN STEEL FOUNDRIES *v.* CZAPALA.

[No. 16,996. Filed October 20, 1942.]

*Glenn D. Peters,* of Hammond (*Bomberger, Peters & Morthland,* of Hammond, of counsel), for appellant.

*Sevald & Sevald,* and *Adam L. Smagi,* all of Hammond, for appellee.

FLANAGAN, C. J.—Appellee's eye was injured as a result of the explosion of a glass bottle containing coffee which had been placed by appellee on the ledge just inside the door of an annealing furnace of the plant of appellant at Indiana Harbor during appellee's lunch hour on December 12, 1940. The bottle was placed in the furnace by appellee in order to heat the coffee therein contained for his lunch. Employees, with the knowledge and consent of the employer, had been in the custom of eating their lunches about this particular furnace and heating their coffee on it. This was the first time any of them had put their coffee inside it.

The full Industrial Board awarded appellee 150 weeks compensation at $16.50 per week and this appeal followed with the usual assignment that the award is contrary to law. .

As this court said in the case of *Mitchell*. v. *Ball Bros. Co.* (1933), 97 Ind. App. 642, 645, 186 N. E. 900:

"There is a general rule of law that a workman does not lose his character as a workman, while eating his lunch on his employer's premises, at a place generally regarded as safe, with his employer's consent. See Boyd Compensation, p. 1060. Schneider 'Workmen's Compensation Law,' 2d. Ed., Sec. 276, p. 843."

Under such circumstances the eating of his lunch is considered incidental to his employment the same as visiting the toilet or getting a drink of water as was the case in *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531, washing after the end of the day's work as was the case in *In re Ayers* (1918), 66 Ind. App. 458, 118 N. E. 386, answering a personal call on the telephone as was the case in *Holland, etc., Sugar Company* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330, or going to the window for relief from the heat as was the case in *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410.

Appellant contends however that by placing the bottle of coffee inside the door of the furnace appellee stepped into a hazard not peculiar to his employment and therefore the injury did not arise out of his employment.

We see no merit in the contention. The mere fact that appellee placed his bottle just inside the open door of the furnace instead of on or about its outside as was the custom could not change the fact that the preparation and eating of his lunch, including the heating of the coffee, was incidental to his em-

ployment. Nor did it constitute entering a place of obvious danger. We think this case comes squarely within the definition given by this court in the case of *Burroughs Adding Mach. Co.* v. *Dehn* (1942), 110 Ind. App. 483, 491, 39 N. E. (2d) 499, 502, "an injury arises out of the employment when there exists a causal connection between it and the employment, or expressing the same idea in different form, when the employment is in some way responsible for the injury."

The situation here is analogous to that in the case of *In re Ayers, supra.* In that case it was the custom of the employees to wash their hands and face after quitting work and before leaving the employer's premises. For that purpose they heated water by heating a small bar of iron in the furnace and placing it in a bucket of water. On the day of the injury the fire in the furnace had gone out and the claimant took the bucket of water into another department and put it in a tank of hot liquid which he thought was hot water. The liquid turned out to be acid, exploded and injured the claimant. He had never before gone into the adjoining room and attempted to heat water in that manner. The court said at p. 463 and p. 464:

> "Where an employe is doing an act incident to his employment, while on the premises where he is employed to work, which is customary among the employes, and the employer has acquiesced in such custom for a considerable length of time, an injury received by such employe while so engaged will ordinarily be held to arise out of the employment within the spirit and meaning of the Indiana Workmen's Compensation Act. (Citations.)
>
> "An injured employe otherwise entitled to compensation cannot be denied the benefit of the Workmen's Compensation Act, *supra,* because he was guilty of negligence in doing the act which resulted in his injury. . . .
>
> ". . . The act of going into an adjoining depart-

ment falls short of showing 'wilfull misconduct' or 'intentional self-inflicted injury.' § 8, *supra.* It evidences a mistake and might afford proof of negligence on the part of the employe, but negligence is not involved in the question presented for our determination."

We find no error in the record.

Award affirmed with usual statutory 5 per cent increase.

NOTE.—Reported in 44 N. E. (2d) 204.