TOM JOYCE 7 UP COMPANY *v.* LAYMAN.

[No. 17,031. Filed November 30, 1942.]

*Ortmeyer, Bamberger & Ortmeyer,* of Evansville, and *John A. Bachl* and *David S. Madill,* both of Indianapolis, for appellant.

*French Clements,* of Evansville, for appellee.

BEDWELL, J.—In this cause a majority of the full Industrial Board awarded appellee compensation. The sole question presented on appeal is whether there is any evidence that the injury of appellee, for which he was awarded compensation, was, "by accident arising out of and in the course of the employment."

The facts were in the main without dispute. They disclosed the following: Appellant is engaged in making a soft drink known as "7 Up." On September 26, 1941, the appellee was employed by appellant at its bottling plant at Evansville, Indiana, as a driver-salesman. As such his duties required him to sell

product of appellant, solicit new business, and to hang up signs advertising its product. His average weekly wage was $20. On such date Edward Utley was an independent distributor in Henderson, Kentucky, who sold and distributed appellant's product. He was sole distributor thereof in the particular county where Henderson is located, but received no salary from appellant. He bought the "7 Up" needed and paid cash therefor.

Prior to such date and in August, 1941, Mr. Utley had organized a bowling team known as the "7 Up Team" to bowl at the King Pin Bowling Alley at Henderson, in competition with other teams that bore the names of other soft drinks. He had requested appellee and another employee of appellant, named John J. Van Cleve, and appellant's manager at its Evansville office to join the team at the time of its organization, and they had consented.

On the night of September 26, 1941, or in the early morning of September 27, 1941, the appellee was returning to Evansville, Indiana, from Henderson, Kentucky, in an automobile with John J. Van Cleve, where both had bowled upon the "7 Up Team" organized by Mr. Utley. On such return trip, and while they were on the bridge across the Ohio River, they were injured in an automobile accident for which injury compensation was allowed herein.

The evidence disclosed that when the appellee and others bowled upon the bowling team that they wore sweaters or shirts furnished by appellant to all of its employees, displaying an emblem or slogan advertising appellant's product; that there was a sign at the bowling alley advertising appellant's product and it was sold there. There was also testimony from which it might be inferred that one of the purposes of appellee in

bowling upon such bowling team was to aid in the advertising of appellant's product, but there was no evidence from which it could be inferred that the employment of appellee by appellant required or contemplated his participation as a member of the bowling team, or that expense money, compensation or reward of any nature or character was paid or granted to him because of his participation, or that he participated thereon during his regular hours of employment. A fair inference from the evidence was that the maintenance of such bowling team was beneficial to appellant as well as to Mr. Utley, the independent distributor, in that it advertised and presumably increased the sale of appellant's product. The bowling alley was a public place; there was an audience present at the bowling contests, and all the members of the "7 Up Team" were employees of appellant or of Utley.

Section 2 of our Workmen's Compensation Act, Acts 1929, ch. 172, § 2, p. 536, Acts of 1937, ch. 214, § 7, p. 1067, § 40-1202, Burns' 1933, § 16378, Baldwin's 1934, provides that:

> ". . . every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death *by accident arising out of and in the course of the employment, and shall be bound thereby; . . .*" (Our italics.)

It will be noted that under this section of the statute an injury to be compensable must both arise out of and be in the course of the employment. Neither alone is enough.

In the case of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. (2d) 499, we discuss rules that have been applied in a number of deci-

sions in this and other jurisdictions for the purpose of determining whether the particular injury by accident was one "arising out of" the employment.

In the case of *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762, this court quotes from *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind App. 159, 147 N. E. 919, the following definition of when an accident occurs "in the course of" the employment:

" 'This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it.' "

In the same opinion this court uses the following language in defining when an accident "arises out of" the employment:

"Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury."

The phrase "in the course of" points to the place and circumstances under which the accident takes place and the time when it occurs.

In the case of *City of Chicago* v. *Industrial Com.* (1941), 376 Ill. 207, 210, 33 N. E. (2d) 428, the Supreme Court of Illinois distinguishes between the two phrases in the following language:

"The words 'arising out of' refer to the origin or cause of the accident and are descriptive of its character, while the words 'in the course of' refer to the time, place and circumstances under which the accident occurs."

In the case of *D. A. Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, 10 N. E. (2d) 750, this court adopts the definition set forth in *Lasear* v. *Anderson, supra,* as to when an accident occurs "in the course of" the employment.

When an employee is directly engaged in doing, in an authorized manner, an act for which he is expressly or impliedly employed, he is indubitably in the course of his employment. But with the possible exceptions of acts in an emergency to protect his employer's interest or the lives of fellow employees, an employee is not in the course of his employment when performing, even for the benefit of his employer, a task different from, and not by custom or otherwise, incidental to that for which he was expressly or impliedly employed.

We believe that the test that should be applied tc the case before us is this: Was appellee, when returning from the bowling contest, returning home after the performance of duties for his employer for which he had been either expressly or impliedly employed, and was the appellee, when engaging in a bowling contest, performing a task for the benefit of his employer which was required by or which was incidental to the task he was employed to perform? The burden was upon the appellee to introduce some evidence from which a reasonable inference could be drawn that he was expressly or impliedly employed to participate as a player upon the bowling team in question. We find no evidence from which such inference

can be reasonably deduced, nor do we find any evidence from which the inference could be reasonably deduced that participation upon the bowling team in question was incidental to appellee's employment. There is no evidence that appellee was required or expected by his employer to participate in bowling contests or that any compensation, reward, expense money, gratuity, or benefit of any nature or character went to him because of his participation.

While it is true that the inference could be drawn that appellant was incidentally benefited through the advertisement of its product because of the fact that bowling contests were held, and appellee and others wearing sweaters advertising appellant's product engaged therein, the benefits to appellant were indirect and remote. If an employee of a manufacturer of motor vehicles, after working hours, is driving an automobile for pleasure along a public highway with a tire cover advertising his employer's motor vehicle, and becomes involved in a collision resulting in his injury, we are not willing to declare that the employer would be liable to pay him compensation merely because in driving his automobile he was advertising his employer's motor vehicle and indirectly benefiting him. Before an injury is in the course of the employment, the employee must be fulfilling the duty of the employment or be engaged in doing something incidental to it. The evidence does not establish that the appellee was doing this.

For cases in other jurisdictions where employee was injured during participation in, attendance at, or transportation incident to, games or other recreational activities of employees, which discuss the question of whether the injury was one arising out of and in the course of employment within the Workmen's Compensation

Act, we call attention to the following: *Becker Roofing Co.* v. *Industrial Com.* (1929), 333 Ill. 340, 164 N. E. 668; *Industrial Com.* v. *Murphy* (1938), 102 Colo. 59, 76 P. (2d) 741, 115 A. L. R. 990; *Porowski* v. *American Can Co.* (1937), 15 N. J. Mis. R. 316, 191 A. 296; *Clark* v. *Chrysler Corporation* (1936), 276 Mich. 24, 267 N. W. 589; *Pate* v. *Plymouth Mfg. Co.* (1941), 198 S. C. 159, 17 S. E. (2d) 146; *Ryan* v. *State Industrial Commission* (1927), 128 Okla. 25, 261 P. 181.

We are of the opinion that the award of the full Industrial Board is not sustained by sufficient evidence. The award is reversed.

Flanagan, P. J.   Not participating.

NOTE.—Reported in 44 N. E. (2d) 998.