MISHAWAKA RUBBER & WOOLEN MANUFACTURING
COMPANY *v.* WALKER, GDN., ET AL.

[No. 17,836. Filed April 4, 1949. Rehearing denied May 24, 1949.
Transfer denied June 28, 1949.]

*Jones, Obenchain & Butler,* of South Bend, for appellant.

*James E. Keating,* of South Bend, for appellees.

BOWEN, J.—This is an appeal from an award of the full Industrial Board granting appellees, the widow and minor children of one Albert J. Murphy, compensation for the death of said decedent.

Error assigned for reversal is that the award of the Board is contrary to law. The sole question presented in this appeal challenges the finding and resulting award of the Board based upon the conclusion that the decedent's death arose out of and in the course of his employment.

Appellee's decedent was employed by the appellant as a supervisor and assistant foreman of the loading dock in which capacity he had charge of the unloading of freight cars and trucks. The accident in question occurred at approximately 12:50 p.m. His lunch hour

was from twelve noon to 1:00 p.m. He was compensated by the appellant at an hourly rate and he was not paid for the noon hour period unless he worked during the period.

The appellant company's property adjoined the south bank of the St. Joseph River, and there was a spillway and race for the passage of water from the company's hydro-electric plant to the river. On the east side of this spillway was a wall running north to the south bank of the river which joined a wall running east along the south bank of said river. Building No. 34 was the loading dock in which decedent was employed by the company. The distance from the nearest corner of Building No. 34 to the north end of the wall was approximately 92 feet. Such wall was not directly accessible from the loading dock because of the fact that there was no bridge across the raceway at that point.

The route from the northeast corner of Building No. 34 to the north end of the north and south wall across the accessible bridge and north to the north end of said wall was approximately 208 feet. The top of said north and south wall was three feet above the average ground level lying immediately east thereof, and twelve feet above the water level of the spillway lying immediately west thereof. This wall was from 18 to 24 inches wide and was brick with a concrete top or facing. The decedent during his lunch hour went out onto the north and south wall and was fishing on the point where the wall joins the east and west wall on the south bank of the river. He was using a fishing line wrapped around his hand with an artificial plug. While fishing, he stood erect and started swaying his fishing line and the plug and threw it in with a swinging movement of his body. One witness who was also

fishing on the wall testified that the decedent swung around the post at the corner where the north and east walls joined. At that time he had his fishing line wrapped around his right hand. He had to go on the outside of the post because the rest of his line and his artificial bait were in the water. This witness did not see him after he swung around the post and the last time he saw him he was dragging his line and bait through the water. Shortly thereafter, this witness heard a big splash and saw that Murphy had fallen into the water. There were no eye-witnesses to the accident. Another witness, one Roy Hobbs who was also fishing testified that the last he saw the decedent, he started walking south on the wall to the company's building. Hobbs had just walked north in the opposite direction. The next thing he noticed was a splash, and he turned around and saw the decedent's hat in the water. Another witness testified the last he saw of decedent he was walking on the wall toward the post.

The decedent had fallen into the water and was drowned. When his body was recovered and removed from the water his fishing line was wrapped around his wrist and around his leg and his artificial plug was hooked on his pants. The accident happened on company property, and the ground immediately east of the wall was level and covered with cinders and there was nothing that day to have prevented decedent from walking along the ground immediately east of the wall to go back to the bridge to cross over to the dock.

The evidence disclosed that the appellant company had not sponsored or encouraged any program of recreation on the company's premises for its employees, including fishing in the river.

Appellees' decedent's immediate superior testified that the decedent went ahead on his own initiative and

lined up men without any specific instructions from his superiors, and that sometimes he would personally line up work to be done in the afternoon during the noon hour and would have it ready for his men to go to work on it at 1:00 p.m. This same witness testified that the decedent did not have anything to do during the noon hour, on the day in question that is until 1:00 p.m. There were two trucks parked up against the loading dock a little south of the north end thereof during the noon hour in question waiting to be unloaded.

The appellees assert that the foregoing evidence was sufficient to justify the Board in finding that decedent was on his way to his work at the instant he fell from the wall and that, consequently, the accident arose out of and in the course of his employment.

While there is great confusion in the recorded cases and the line of demarcation is not too clear when applied to the facts of the particular cases, in determining the question presented by this appeal, we must consider the general rule that an accidental death arises out of the employment when there exists a causal connection between it and the employment. To be compensable, the employment must be in some way responsible for the accidental injury, which was drowning in the instant case, and, while the more recent cases do not hold that an employee's injury by accident in order to be compensable must arise out of the nature of the employment, the injury suffered must be in some way incidental to the employment. If the accidental drowning occurred when appellees' decedent was not in the course of his employment, and if his death was due to acts that he was performing for his own benefit, and not in any manner incidental to his employment, he would not

314

be entitled to compensation. *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499; *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 192 N. E. 762; *Hunt* v. *Gaseteria, Inc.* (1938), 105 Ind. 197, 12 N. E. 2d 992; *Tom Joyce 7-Up Co.* v. *Layman* (1942), 112 Ind App. 369, 44 N. E. 2d 998.

The employee in the present case had gone fishing during his lunch hour. There was no relationship shown between the eating of his lunch and his trip out on the retaining wall to fish. When his body was recovered the fishing line was wrapped around his hand and leg and the plug fastened to his pants. The fact that he had taken some steps south along the wall toward the loading dock and his post of duty when viewed in the light of all of the other circumstances is clearly insufficient as a reasonable basis to support an inference that he had ceased fishing at the time he fell except by resorting wholly to surmise, speculation, and conjecture.

The burden of establishing each ultimate fact necessary to a legal award of compensation rests upon the applicant; and the proof by which such burden is discharged must be based upon something more than mere guess, conjecture, surmise, or possibility. *Swing* v. *Kokomo Steel & Wire Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65.

Appellees' decedent had placed himself on a relatively narrow wall adjoining a treacherous current of water when a safe cinder surface lay immediately east thereof leading to his post of duty. He had originally gone out on this retaining wall for the purpose of fishing which was completely and wholly unrelated to his employment. Under such circumstances to hold the employer liable for his accidental drown-

ing would be going beyond the scope and purpose of the Workmen's Compensation Law.

The undisputed evidence that appellees' decedent fell from the top of the retaining wall on the company's property and drowned in the St. Joseph River, and all other evidence and reasonable inferences therefrom most favorable to appellees, does not warrant any reasonable inference that at the time of his fall he was doing something in or incidental to the task for which he was employed, and the award, therefore, should have been for the appellant.

The award for the reasons stated herein is reversed and remanded for further proceedings not inconsistent herewith.

NOTE.—Reported in 84 N. E. 2d 897.