MATHEWS, BY NEXT FRIEND, ETC. *v.* JIM AND ED'S SERVICE STATION.

[No. 19,919. Filed February 20, 1964. Rehearing denied April 2, 1964.]

*Benjamin F. Wilson, Donald M. Bridgeforth, Jackie L. Shropshire,* of counsel, and *William H. McClaskey,* of counsel, all of Gary, for appellant.

*Roy Pope,* of Indianapolis, and *Harry Jennings,* of Gary, for appellee.

COOPER, J.—This matter comes to us for a judicial review of a finding and denial of an award made by the Full Industrial Board of Indiana.

Upon submission, the Full Board found, in material substance, as follows:

". . . That on the 18th day of April, 1958, one CHARLIE EUGENE JORDAN, plaintiff's decedent, was involved in an accident which resulted in his instantaneous death; that his said accidental injury and death did not arise out of or in the course of his employment with the defendant herein; that at the time of his said accidental injury and death, he left no dependents, either wholly or partially, who were dependent upon him for their maintenance and support; that at the time of his said accidental injury and death, "DAROLD EUGENE MATHEWS, age 6 months, was an unacknowledged, illegitimate son of the said decedent, CHARLIE EUGENE JORDAN.

"It is further found that prior to the filing of plaintiff's application, a good faith effort was made by said parties to adjust said claim which effort resulted in a disagreement between the parties.

"Said Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's application Form 10 for the adjustment of claim for compensation, filed on the 26th day of November, 1958.

"AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall take nothing by his application Form #10 for the adjustment of claim for compensation, filed on the 26th day of November, 1958."

A concise statement of the pertinent evidence most favorable to the appellee is the decedent was employed by one Mr. Kusma in a filling station; that decedent ordinarily reported to work at 8:00 A.M., but on the morning in question, did not appear at work until 8:20 or 8:25; that after assisting his employer place a Buick automobile into a wash stall, the decedent informed the employer that he was going to take the truck and return home and when the employer objected, insisted that he had to go home and was informed that he would have to make up the loss of time. He was not on a trip for his employer at the time of the alleged accident, nor had the employer requested him to perform any act at the time he left the place of employment. This evidence is uncontradicted.

Thereafter, the truck was involved in an explosion in which the decedent was killed. The record is entirely devoid of any evidence as to the activities of the decedent after he left his place of employment. The evidence also reveals that an expert witness on explosives testified that in his opinion the blast was caused by dynamite; that he checked the truck's gasoline tank after the explosion and found that it had approximately five inches of gasoline in it. This evidence is also uncontradicted.

In reviewing the Indiana Workmen's Compensation Act, we find that §40-1202, Burns' 1952 Replacement, provides, in part:

" . . . every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death *by accident arising out of and in the course of the employment, and shall be bound thereby;* . . ." (Our emphasis)

Under the foregoing statute, it was incumbent upon the appellant to establish by evidence of probative value that the decedent was injured or met his death by accident arising out of and in the course of his employment.

We recognize that the "compensation act" should be liberally construed on behalf of the claimant; however, such liberal construction does not relieve the claimant from the burden of establishing by evidence of probative value every ultimate fact essential to recovery on his claim, and in order to legally justify the Industrial Board in granting an award. See, *Stanley* v. *Riggs Equipment Co., Inc.* (1961), 133 Ind. App. 86, 178 N. E. 2d 766; *Ziegler* v. *Tipton Lumber Co.* (1958), 128 Ind. App. 249, 147 N E. 2d 679; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 96, 21 N. E. 2d 65.

The applicable general rule is also well stated by the following statement made by Dean Small in his Workmen's Compensation Law, §12.6:

> "The claimant in a compensation proceeding must establish every fact necessary to support a legal award. *Pinnell Lumber Co.* v. *Smith,* 107 Ind. App. 686, 25 N. E. 2d 643 (1940); *Lee* v. *Oliger,* 107 Ind. App. 90, 21 N. E. 2d 65 (1939); *National-Helfrich Potteries Co.* v. *Collar,* 107 Ind. App. 225, 23 N. E. 2d 620 (1939); *Nichols* v. *Winslow Coal Corp.,* 106 Ind. App. 321, 18 N. E. 2d 475 (1939); *White* v. *Spencer Cardinal Corp.,* 106 Ind. App. 338, 19 N. E. 2d 866 (1939). *He must show that at the time of the accident there existed a status of employment; he must show that the harm for which he seeks compensation was accidental; he must show that it arose because of his employment; and he must show that the harm arose in the course of his employment.*" (Our emphasis)

It is the appellant's contention that "the death of the employee from an explosion in the employer's truck, used as a pickup truck and for road service in his gasoline service station, who was employed at said gasoline service station as a helper, greasing cars, doing tune-ups and anything that came along, including service calls, when said employee was using the truck during his regular working hours, with the employer's knowledge and consent, is 'death by accident' within the meaning of the Indiana Workmen's Compensation Act; . . . ". This contention of the appellant implies that if the facts were as stated, the conclusion of "death by accident" was a matter of law for the Board.

However, the declared legal principle is that the burden of establishing all the necessary essential facts by evidence of probative value rests upon the claimant and it is the duty of the board to determine what ultimate facts are established by all of the evidence put before it.

We have on judicial review in many cases defined, "arising out of" and "in the course of" the employment. The generally accepted definition of the former phrase is adequately stated in *Empire Health, etc., Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664, and reaffirmed and approved in *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 95, 10 N. E. 2d 314, as follows:

> "An accident is said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment. The causal relation is established when the accident is shown to have arisen *out of a risk* which a reasonable person might have comprehended *as incidental to the employment at the time of entering into it,* or when

the evidence shows an incidental connection *between the conditions under which the employee works and his resulting injury.*" (Our emphasis)

The stated doctrine has been accepted and reaffirmed in many cases. See, among others, the following: *Mishawaka Rub. & Woolen Mfg. Co.* v. *Walker* (1949) (T. D.), 119 Ind. App. 309, 84 N. E. 2d 897; *E. R. Burget Co.* v. *Zupin* (1948), 118 Ind. App. 644, 649, 82 N. E. 2d 897; *Broderick Co.* v. *Flemming* (1946) (T. D.), 116 Ind. App. 668, 675, 65 N. E. 2d 257; *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 44 N. E. 2d 998; *American Steel Foundries* v. *Czapala* (1942), 112 Ind. App. 212, 215, 44 N. E. 2d 204; *Montgomery* v. *Brown* (1940) (T. D. 1941), 109 Ind. App. 95, 27 N. E. 2d 884.

The evidence, as delineated above, amply supports the said finding of the board. The finding is predicated upon a substantial factual foundation which is conclusive and binding upon this court. See §40-1512, Burns', 1952 Replacement.

The evidence is such that we would not be forced to a conclusion opposite to that reached by the board.

Award affirmed.

Carson, C. J.; Clements, J.*, and Ryan, J., concur.

NOTE.—Reported in 196 N. E. 2d 282.

---

*While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.