### B.P.O. ELKS, #209 *v.* SPONHOLTZ.

[No. 967A73. Filed March 3, 1969. Rehearing denied April 8, 1969. No Petition to Transfer filed.]

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weissell,* Indianapolis, for appellant.

*Paul W. Kelley, Kelley, Arnold & Kelley,* Anderson, for appellee.

COOPER, J.—This matter comes to us for a judicial review of a finding and award made by the majority of the Full Industrial Board of Indiana.

After final submission, the majority of the Full Board found and entered the following findings and award:

"That on the 13th day of August, 1964, plaintiff while in the employ of the defendant at an average weekly wage in excess of the maximum, received personal injuries by reason of an accident arising out of and in the course of his employment by defendant of which accident defendant had knowledge but did not pay the statutory medical attention and supplies; that plaintiff's said accidental injury was in the nature of a fracture of the shaft of the right femur and a fracture of the right hip; and multiple other injuries;

"That as a result of said accidental injury plaintiff was temporarily totally disabled for a period of twenty six (26) weeks, from and after the 13th day of August, 1964.

"It is further found that all injuries from plaintiff's accident of August 13, 1964, have reached a permanent and quiescent state and resulted in a fifteen per cent (15%) permanent partial impairment to the man as a whole.

"BE IT FURTHER REMEMBERED that on the 8th day of February, 1966, plaintiff's attorney Paul W. Kelley, filed his petition for allowance of fees, which said petition is in the following words and figures, to-wit:

(H.I.)

and which said petition is granted in part.

"The Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 9 application for the adjustment of claim for compensation, filed on the 27th day of January, 1965.

## "A W A R D

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Full Industrial Board of Indiana that plaintiff have and recover from defendant twenty-six (26) weeks' temporary total disability compensation, at the rate of $42.00 per week, beginning the 13th day of August, 1964, and in addition thereto, plaintiff have and recover from defendant compenstaion at the rate of $42.00 per week, for a specific period of seventy-five (75) weeks, beginning the 13th day of August, 1964, for a fifteen per cent (15%) permanent partial impairment to the man as a whole on account of said accidental injury, all compensation having accrued, to be paid in a lump sum without interest deduction.

"It is further ordered defendant shall pay the statutory medical attention and supplies incurred by plaintiff as a result of said accidental injury, all compensation having accrued, to be paid in a lump sum without interest deduction.

"It is further ordered defendant shall pay the statutory medical attention and supplies incurred by plaintiff as a result of said accidental injury.

It is further ordered defendant shall pay all costs, if any, taxed in said cause.

"It is further ordered the fees of plaintiff's attorney shall be: a minimum of $150.00, and in addition thereto, 20% upon the first $1,000 recovered, 15% upon the second and third $1,000 recovered, and 10% upon all sums recovered in excess thereof: said fees to be paid by defendant direct to plaintiff's attorney, Paul W. Kelley, with credit to the defendant against the compensation herein awarded plaintiff for all sums paid out as attorney fees in accordance with this award."

It is the appellant's contention that the foregoing award is contrary to law.

In reviewing the "Workmen's Compensation Act," we note that Section 40-1202 Burns' (1952) Replacement, provides in part:

". . . every employer and every employee, except as herein stated shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death *by accident arising out of and in the course of the employment,* and shall be bound thereby . . ."

A concise statement of the pertinent evidence in the record now before us, most favorable to the appellee is as follows: That the appellee was in the employment of the appellant as the manager of the club at a weekly wage in excess of the maximum; that on the night of August 12, 1964, the appellee sustained an accidental injury as a result of an automobile accident; that the appellee's injuries consisted of a compound fracture of the right femur, fracture of the nose, multiple severe lacerations and contusions about the head, face, left eye, nose and right knee and also fractures of the second and fourth meticarpal; that the defendant appellant had immediate notice of said accidental injury but did not furnish the statutory medical attention and supplies. Appellee thereafter incurred total temporary disability for which he was not paid compensation by the defendant appellant.

The appellee testified that he was employed as manager of the Elks Club by virtue of a contract of employment; that his hours were from 8 A.M. to 2 A.M.; that on the evening of August 12, 1964, he left the club about 9 P.M., to "take a little breather"; that he drove around the city of Anderson until approximately 11:30 P.M., at which time he called the club to tell the bartender that he would return to the club shortly to lock up and check out; that he made the telephone call from downtown and drove back to the club in a round-about-way; that he was crossing Cross Street going back to the club, when he ran off the road and struck a tree and received the injuries complained of; that he was hos-

pitalized from August 12, 1964, to December 24, 1964, and was released by his doctor in the second week of July, 1965; that his total hospital bill was $4221.20.

The record also reveals the following testimony of the appellee when examined by a member at the hearing before the Industrial Board:

"MEMBER: Mr. Sponholtz, you left the Elks Club that night of your own free will and volition, did you?

"MR. SPONHOLTZ: Yes sir.

"MEMBER: You weren't directed to go any place by the Board of Governors?

"MR. SPONHOLTZ: No.

"MEMBER: Did you perform any function at all for the Elks between 9:00 o'clock and the time of your accident on that particular evening?

"MR. SPONHOLTZ: No, I didn't.

"MEMBER: Did you go home?

"MR. SPONHOLTZ: No sir.

"MEMBER: You weren't called by anyone to return, were you?

"MR. SPONHOLTZ: No, because it was my duty to go back and close up, part of my job.

"MEMBER: It wasn't part of your job to take a ride every night at 9:00 o'clock?

"MR. SPONHOLTZ: I didn't take a ride every night at 9:00 o'clock.

"MEMBER: On this particular night it wasn't part of your job?

"MR. SPONHOLTZ: It was just because I had been there all day, wasn't busy.

"MEMBER: So you decided to do that?

"MR. SPONHOLTZ: Decided to go out and get a little fresh air and drive around a little bit.

"MEMBER: When you called up the Elks you weren't directed by anyone to return immediately to the Club, were you?

"MR. SPONHOLTZ: Not immediately, no, sir.

"MEMBER: I think that is all the questions I have."

In applying the relevant law to the foregoing undisputed evidence, we are confronted with several general rules of law which force us to the result we have reached in this matter.

Under the authority of the Workmens' Compensation Act, and many cases decided by both the Supreme Court of Indiana and by this Court, it was the burden of the appellee herein to establish before the Industrial Board by evidence of probative value, free from conjecture, surmise, or mere guess, that the appellee suffered his injuries or met with his accident, while in the course of his employment and under conditions which may be reasonably considered as incidental to his employment, or as having an incidental connection therewith as manager of the Elks Club #209, of Anderson, Indiana. See *Mishawaka Rubber & Wollen Manufacturing Company v. Walker, Gdn., et al.* (1949), 119 Ind. App. 309, 84 N. E. 2d 897; *Mogul Rubber Company v. Nelson Spicher* (1968), 142 Ind. App. 365, 234 N. E. 2d 862.

In the case of *U. S. Steel Corporation v. Cicilian* (1961), 133 Ind. App. 249, 180 N. E. 2d 381, at page 252, we find the following statement of Judge Kelley:

"It is no longer sufficient to predicate liability of the employer upon mere proof that the employee's accident or injury occurred while he was at the place of employment, or, in other words, because he was then employed by the employer at the place of the occurrance. It is now essential that there be evidence to establish *that the accident or injury, arose out of the employment by reason of some causal connection between the employment and the performance or fulfillment of some service or the duties thereof, and that such accident or injury occurred within the period of such employment at a place where the employee, by reason of said employment, might reasonably be expected to be at the time of the ac-*

*cident or injury.* In general, see I. L. E., Vol. 30, Workmen's Compensation, Sec. 315, and citations in notes." (Our emphasis.)

In the case of *Stanley, et al. v. Riggs Equipment Company, Inc.* (1961), 133 Ind. App. 86, 178 N. E. 2d 766, 769, this Court stated:

"... it is not sufficient to merely show employment and an injury during the period of employment, but the claimant must go further and show by evidence having ▄ probative value that *the injury had its origin in a risk connected with the employment and that it flowed from that source as a rational consequence.*" (Our emphasis.)

We recognize that the "Workmens Compensation Act" should be construed liberally on behalf of the claimant; however, such liberal construction does not relieve the ▄ claimant from the burden of establishing by evidence of probative value, every ultimate fact essential to recovery on his claim, in order to legally justify the Industrial Board in granting an award. In support of the above statement, see *Stanley v. Riggs Equipment Company, Inc., supra; Ziegler v. Tipton Lumber Co.* (1958), 128 Ind. App. 249, 147 N. E. 2d 679; *Lee v. Oliger* (1939), 107 Ind. App. 90, 96, 21 N. E. 2d 65.

The applicable general rule is also well stated by the following statement made by Dean Small in his volume on Workmens' Compensation Law, § 12.6, p. 384;

"The claimant in a compensation proceeding must establish every fact necessary to support a legal award. *Pinnell Lumber Co. v. Smith,* 107 Ind. App. 686, 25 N. E. 2d 643 (1940) ; *Lee v. Oliger* 107 Ind. App. 90, 21 N. E. 2d 65 (1939) ; *National-Helfrich Potteries Co. v. Collar,* 107 Ind. App. 225, 23 N. E. 2d 620 (1939) ; *Nichols v. Winslow Coal Corp.,* 106 Ind. App. 321, 18 N. E. 2d 475 (1939) ; *White v. Spencer Cardinal Corp.* 106 Ind. App. 338, 19 N. E. 2d 866 (1939). *He must show that at the time of the accident there existed a status of employment; he must show that the harm for which he seeks compensation was accidental;*

*he must show it arose because of his employment; and he must show that the harm arose in the course of his employment.*" (Our emphasis.)

This Court, on judicial review of many workmens' compensation cases, has defined the words "arising out of" and "in the course of" the employment. The generally accepted definition of the former phrase is adequately stated in the case of *Empire Health, etc., Ins., Co. v. Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664, and reaffirmed and approved in the case of *Williams v. School City of Winchester* (1937), 104 Ind. App. 83, 95, 10 N. E. 314, as follows:

"An accident is said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment. The causal relation is established when the accident is shown to have arisen *out of a risk* which a reasonable person might have comprehended *as incidental to the employment at the time of entering into it,* or when the evidence shows an incidental connection *between the conditions under which the employee works and his resulting injury.*" (Our emphasis.)

The stated doctrine has been accepted and reaffirmed in many cases. See, among others, the following: *Mathews v. Jim and Ed's Serv. Station* (1963), 136 Ind. App. 28, 196 N. E. 2d 282; *Betasso v. Snow-Hill Corp.* (1963), 135 Ind. App. 396, 189 N. E. 2d 833; *Mishawaka Rubber & Wollen Manufacturing Company v. Walker, Gdn., et al.* (1949), (T.D.) 119 Ind. App. 309, 84 N. E. 2d 897; *E. R. Burget Co. v. Zupin* (1948), 118 Ind. App. 644, 649, 82 N. E. 2d 897; *Broderick Company v. Flemming, et al.* (1946), (T.D.) 116 Ind. App. 668, 675, 65 N. E. 2d 257; *Tom Joyce 7 Up Company v. Layman* (1942), 112 Ind. App. 369, 44 N. E. 2d 998; *American Steel Foundries v. Czapala* (1942), 112 Ind. App. 212, 215, 44 N. E. 2d 204; *Montgomery v. Brown, et al.* (1940), (T.D. 1941), 109 Ind. App. 95, 27 N. E. 2d 884.

Therefore, given the facts of this case, the test as to whether the appellee's injuries arose out of and in the course

of his employment, under the general rule in this state, with both the Supreme Court and this Court's authorities substantiating the same is: Was the appellee at the time of the accident, in the performance of his duties as club manager for the appellant, for which purpose he had been employed, and whether the duties so being performed at the time of the accident were for the benefit of the employer and were required by, or incidental to, the task that he was employed to perform? See *Rohlwing v. The Wm. H. Block Company* (1953), 124 Ind. App. 97, 104, 115 N. E. 2d 450.

The evidence as hereinabove set out, wholly fails to show either directly or by any reasonable inference therefrom, that the appellee herein sustained his injuries while he was engaged in any act, duty or performance of his employment, or that he sustained his injuries while he was engaged in any act, duty, or performance of any act incidental to, or in any way connected with, such employment, or any service thereof. There is also a total absence of any evidence or reasonable inference to be drawn therefrom to establish that the appellee, at the time of the occurrance which resulted in his injuries, was in a place where it was necessary for him to be in the performance of his work, or where he might reasonably have been expected to be when engaged in his work, or something incidental thereto.

The evidence is uncontradicted that the occurance took place during a two and half hour period of time in which the appellee was aimlessly driving around the City of Anderson, not performing any of his duties or any work for said Elks Club, or any act incidental thereto.

The appellee contends in his brief that because he sustained his injuries when he was on his way back to his place of employment, that his injuries arose out of and in the course of his employment. With this contention we cannot agree. From the evidence in the record it appears that the appellee left the club premises of his own volition "to get a little fresh

air and to drive around a little bit". There is nothing in the record to show, nor from which an inference could be drawn, that during the appellee's two and a half hour jaunt around the City of Anderson, he was performing any duty on behalf of his employer, or that his driving around was required by, or incidental to, the task he was employed to perform.

Therefore, since appellee's driving around was in no way connected with his employment, we cannot hold that his injuries were sustained while in the course of his employment because the accident occurred while he was on his way back to his place of employment.

In the case of *Pittsburg Testing Laboratories v. Kiel* (1960), 130 Ind. App. 598, 167 N. E. 2d 604, at page 603, this Court stated as follows:

"An accident occurring while an employee is going to or returning from his place of employment, or which occurs while the employee is engaged on a personal mission or errand, not connected with the duties of his employment, is not within the protection afforded employees by the Indiana Workmen's Compensation Act. *McFarland v. Common. Life Ins. Co.* (1939), 107 Ind. App. 13, 22 N. E. 2d 881; *Morgan v. United Taxicab Co.* (1938), 105 Ind. App. 340, 14 N. E. 2d 736; *Forman v. Chrysler Corp.* (1936), 102 Ind. App. 408, 2 N. E. 2d 806; *Cassagne v. Snow Hill Coal Corporation* (1940), 107 Ind. App. 556, 24 N. E. 2d 795."

It is our considered opinion that under the facts in this case, the circumstances prohibit any reasonable or logical presumption, as a matter of law, that the appellee's injuries arose out of and in the course of his employment. Therefore, the award made and entered by the majority of the Industrial Board is contrary to law. See: *Mishawaka Rubber & Wollen Manufacturing Company v. Walker, supra; Prudential Life Insurance Company v. Spears* (1954), 125 Ind. App. 21, 118 N. E. 2d 813; *Pittsburgh Testing Co. v. Kiel, supra.*

The award of the Industrial Board herein appealed from is reversed, costs vs. appellee.

Carson, J., Lowdermilk, P.J., Sullivan, J., concur.

NOTE.—Reported in 244 N. E. 2d 923.