FLEEGER ET AL. v. NICHOLSON BROTHERS ET AL.

[No. 15,226. Filed December 6, 1934. Rehearing denied March 8, 1935.]

*Walton M. Wheeler,* and *Walton M. Wheeler, Jr.,* foɪ appellants.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellees.

KIME, J.—The appellants, Catherine Fleeger and Jack Fleeger, dependents of one Frank Fleeger, deceased, filed an application with the Industrial Board for compensation, claiming that the decedent was killed by reason of an accident arising out of and in the course of his employment. The full Industrial Board held that the death of the decedent was not due to any accident arising out of and in the course of his employment while in the service of appellee, Nicholson Brothers and made an award in favor of appellees. Error relied on for reversal is that the award of the full Industrial Board is contrary to law.

The evidence is undisputed that Frank Fleeger was employed by Nicholson Brothers, as a clerk and delivery man on the date of his death. It was a practice of Nicholson Brothers that orders for groceries should be delivered as soon as possible after they were received. Fleeger had received an order from his wife for certain groceries to be delivered to her home within a certain specified time, so that a part of the order could be prepared or cooked that afternoon.

It was customary for the various employees to go to lunch, at such time as was convenient for them, in a

certain designated order. Upon this particular day when it came time for appellants' decedent to go to lunch he told two other employees of the store that he was going to deliver an order to his wife, at their home, some three miles distant from the store; that it was a very hot day and were it not for the fact that it was absolutely necessary that his wife have this order he would not make the trip at this particular time.

The bicycle he used to make this delivery was his own but it was the habit for him, as well as other employees, to use this bicycle for deliveries when the delivery truck of appellee was not available.

The delivery was made and while at home decedent hastily secured something to eat, although the meal had not been prepared for him, by his wife, as she had no knowledge that he was to be home for lunch, as he usually ate lunch downtown. After spending some ten minutes in eating his lunch he was returning to his place of employment when the accident happened, which caused his death.

The testimony also shows without contradiction that one of the appellees stated, while appellants' decedent was in the hospital, immediately prior to his death, that he was "absolutely" on duty at the time of the accident. This testimony is not controverted by any one and not one of the employers testified.

The controlling question before the board is, was Fleeger engaged in the business of his employers at the time of the accident. From the undisputed evidence as shown there is only one result which can be logically reached. We are not unmindful of the rule which permits the Industrial Board to draw inferences from the facts proven, but in face of the testimony, from one of the employers, that Fleeger was on duty at the time of the accident, any other inference than that he was

engaged in business of his employers would be illogical and contrary to law. The appellees contend vigorously that this is an ordinary lunch hour case and that Fleeger was returning from his lunch on his own time, at the time of the accident. The undisputed evidence conclusively shows that he had left the place of employment upon a mission in direct furtherance of his employers' business; that his wife was paying full price for the groceries and that she was entitled to the same prompt delivery as any other customers, which effectively distinguishes this from the case of *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937.

Fleeger was, from the time he left his employers' premises until he returned from this particular mission, on the business of his employer. The reason for his leaving the place of employment was to deliver groceries ordered in the regular course and he did not abandon this business of the employers when hurriedly obtaining a bite of lunch at his home. The evidence which is undisputed further conclusively shows that he would not have made this trip of some three miles, in the heat of the day, had it not been absolutely necessary to his employers' business. Cardozo, speaking for the New York Court of Appeals, said that "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own." *Marks' Dependents* v. *Gray et al.* (1929), 251 N. Y. 90, 93 167 N. E. 181. And further ". . . the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils." Applying this test to the undisputed evidence before us there can be but one answer and that is that it was the employment of Fleeger that sent him forth

at this particular time of the day to deliver these groceries some three miles from the place of employment and not the incidental and purely personal desire of satisfying his hunger.

This court, in the case of *Russell* v. *Scharfe* (1921), 76 Ind. App. 191, 197, 130 N. E. 437, said:

"We are not unmindful of the settled rule, that in determining what has been established by the evidence courts and juries may consider not only the facts directly proved, but also all reasonable inferences that may be properly drawn therefrom. However, this rule cannot be applied arbitrarily, but judgment must be exercised in so doing, in accordance with correct and common modes of reasoning. An inference should not be drawn where sufficient facts are wanting, or from facts proved, which are inconsistent with, or repelled by, other facts equally well established. An inference cannot be said to be reasonable which can only be drawn by a capricious disregard of apparent truthful testimony, that is in itself probable, and is not at variance with other proved or admitted facts."

The inference that the board apparently drew that Fleeger was on his lunch hour can not be said to be reasonable because it was evidently drawn by a failure to observe and give effect to apparent truthful testimony that is in itself probable, namely, that the decedent was "absolutely" on duty and this testimony is not at variance with any other proven or admitted facts.

The award of the Industrial Board is reversed with instructions that an award be entered in favor of appellants in the sum of $100.00 for funeral expenses of decedent, $159.65 for medical expense incurred, incident to the injury of decedent, and compensation at $8.80 per week for three hundred weeks, beginning with the 10th day of July, 1933. Said sums of $100.00, $159.65, and a lump sum for the amount of compensa-

tion due from the above date to the date of the entering of the award in favor of appellants, by the Industrial Board, under this opinion, be paid to appellant, Catherine Fleeger, at once, and the compensation for the balance of said three hundred week period shall be paid to said Catherine Fleeger, weekly, for her benefit and that of her minor child, Jack Fleeger.

JJ. Bridwell and Dudine dissenting.