HUNT ET AL. *v.* GUTZWILLER BAKING CO.

[No. 15,953. Filed June 15, 1937. Rehearing denied October 15, 1937.]

210

*O. B. Hauger, Denny, Adams, Baker & Orbison,* for appellants.

*James L. Murray,* for appellee.

LAYMON, P. J.—This is an appeal from an order of the full Industrial Board of Indiana denying compensation to appellants on their application filed with the board on June 25, 1936, wherein appellants, Frances V. Hunt and Louis Ray Hunt, as dependents of James Eli Hunt, husband and father respectively, claimed compensation against the appellee on account of an accident resulting in the death of said James Eli Hunt, which accident, appellants contend, arose out of and in the course of the decedent's employment with appellee. The finding and order of the full Industrial Board, omitting the formal parts, is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on January 15, 1935, while in the employ of the defendant, at an average weekly wage of $23.27, one James Eli Hunt sustained an injury from which he died on the said date. That at the time of his death the said James Eli Hunt was living with Frances V. Hunt, his wife, and Louis Ray Hunt, his son, who were wholly dependent upon him for support. That on June 25, 1936, the plaintiffs herein filed their application for the adjustment of a claim for compensation.

"And the Full Industrial Board now finds for the defendant on plaintiffs' application that the injury suffered by the said James Eli Hunt, and from which he died, was due to shot wounds inflicted by persons unknown; that the death of the said James Eli Hunt was not due to any accidental injury arising out of his employment with the defendant.

"It is therefore considered and ordered by the Full Industrial Board of Indiana that the plaintiffs shall take nothing by their complaint herein and that they shall pay the cost of this proceeding."

From the above finding and order by the full Industrial Board, appellants prayed and perfected this appeal, assigning as error that the award of the full board is contrary to law, which assignment is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. The evidence, including certain stipulations by the parties, was sufficient and undisputed on all of the essential facts entitling appellants to an award for compensation, and the full Industrial Board so found, save and except the fact as to whether the death of appellants' decedent resulted by reason of an accidental injury arising out of decedent's employment with appellee.

Appellants earnestly contend that the evidence is of such conclusive character as to force a conclusion contrary to that of the Industrial Board and that the judg-

ment of this court should be substituted for that of the board. This contention requires us to review the evidence.

Not in dispute, but pertinent to the subject of inquiry in this appeal, are the following facts: That decedent was employed by appellee under a written contract whereby he was to sell and distribute to customers over a certain designated route appellee's merchandise which consisted of various baked goods; that decedent was required to cover the route daily, except Sundays, visit each customer, and supply such customer with his needs for the goods of appellee; that decedent was also required to keep an accurate record of the customers, to account to appellee at the end of each working day for all goods delivered during such day, and to pay over to appellee all moneys collected for such goods; that the title to the merchandise in the possession of decedent was, at all times, to remain the property of appellee, and all moneys collected by decedent were to belong to and to be the property of appellee; and that appellee was to pay to said decedent at the end of each week a sum of money equal to 17% of the aggregate amount of goods sold and delivered by decedent. That decedent was on friendly terms with a young man by the name of Leesey who accompanied him on his trip on the day of his death and upon several occasions prior thereto. On January 15, 1935, at about 4 p. m. the decedent, with a bullet hole in his head, was found lying at the side of the road at the intersection of 71st Street and Ditch Road, a point on his designated route in the territory assigned by appellee to decedent. No firearms were found in the truck or thereabouts. The decedent carried at his side a purse approximately 6 inches in size attached to a strap which he placed over his shoulder. This purse was found in the driver's seat of the truck, open and empty, except for a marble, and decedent's

shoulder strap was unbuckled. One door of the truck was slightly ajar, the front wheels were in the ditch, and the back wheels were on the road. There was blood inside the truck on the floor and on the running board. On the day in question, and before he was found, decedent had called upon several customers and consummated divers sales, the last sale having been transacted shortly before he was found. The evidence disclosed that when calling on his customers on the day of the accident decedent wore his purse in the above-described manner. Leesey, who accompanied the decedent on said day, has not been seen or heard of since the time decedent was found. The evidence further disclosed that decedent did not have a gun with him at the time and that there was approximately $50 in cash and checks in his purse. Appellee had no knowledge that Leesey was accompanying the decedent on his trips, nor was there any condition in decedent's employment which prevented anyone from accompanying decedent on his trips.

It must be remembered, in answering appellants' contention, that the burden of establishing each fact necessary to a legal award of compensation rests on the applicant. In determining whether such burden has been discharged, it is within the province of the Industrial Board, not only to weigh the evidence, but to draw all reasonable inferences from such facts established thereby. When the Industrial Board has discharged its duty in this regard and has reached a conclusion as to the ultimate facts which have or have not been established and has embodied such conclusion in a finding of facts as the statute requires, this court must accept the facts so found as true, unless the evidence is of such conclusive character as to force a contrary conclusion. However, in order to reach a contrary conclusion we are not permitted to weigh the evidence, nor may we disregard any reasonable inferences deducible

from the facts which the evidence tends to establish. While it is within the province of the Industrial Board to weigh the evidence and to draw reasonable inferences therefrom, the board cannot disregard, in the finding of an ultimate fact, either the facts proven or the only legitimate inferences which are deducible therefrom. An inference so drawn becomes a fact in so far as its relation to the proposition to be proved is concerned. *Indian Creek Coal, etc., Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709; *Fleeger et al.* v. *Nicholson Brothers et al.* (1934), 100 Ind. App. 103, 192 N. E. 842. Since there were no eye witnesses to the accident, the manner in which decedent met his death was established by circumstantial evidence. This evidence consists of the proof of certain facts and circumstances from which the court may infer other facts which usually and reasonably follow according to the common experience of men. *Ohio, etc., Co.* v. *The Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149.

In view of the circumstances here presented it devolves upon us to determine whether the Industrial Board, in its finding, was guided by the only legitimate inferences that were deducible from the facts established. In so doing, we are not unmindful of that well-settled rule of law, that where the evidence is conflicting or where it is such that different deductions may reasonably be drawn therefrom, leading to different conclusions, and it is upon this evidence that the Industrial Board has made a finding, then such finding is conclusive upon this court and will not be disturbed. Having carefully examined the evidence and the circumstances surrounding the accident established thereby, we are irresistibly led to the conclusion that the only legitimate inference that seems reasonable and deducible therefrom is that the decedent was killed while being robbed. This conclusion necessitates our further

determination of whether or not in the instant case the accident from which the decedent met his death arose out of his employment. While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been forseen or expected, but it must be one which after the event may be seen to have had its origin in the nature of the employment. *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464. In the case of *Empire Health, etc., Ins., Co.* v. *Purcell* (1921), 76 Ind. App. 551, 562, 132 N. E. 664, the court said: "A man who is known to be carrying money is a tempting object for criminals to attack and is exposed to dangers and hazards not common to all who travel the streets."

The undisputed evidence in the instant case discloses that appellants' decedent, by virtue of his employment, and as a part of his duty as the employee of appellee, was not only required to collect and have in his possession money belonging to appellee, but did, in fact, have money belonging to appellee on his person at the time of the accident, and his employment took him over a designated territory, thereby exposing him to dangers and hazards not common to all. The question in each case must be determined from a consideration of its own facts and circumstances. The question of whether an accident resulting in injury or death in a given case arises out of the employment does not depend upon the minute details of what the employee was doing at the time, but rather upon the question of whether the accident was due to a hazard to which the employee would not have been exposed apart from the business in which he was employed. *Empire Health, etc., Ins. Co.* v. *Purcell, supra.* We conclude that the accident which caused decedent's death was due to a hazard to which he would not have been exposed apart from his employment. The accident was the result of a risk

which was reasonably incidental to the employment.

Appellee insists that the disappearance of Leesey, who accompanied appellants' decedent on his trip on the day of the accident and who disappeared at the time of the accident and has not since been seen or heard of, warrants the inference that he inflicted the injury upon the decedent which caused decedent's death, and, due to the fact that the decedent permitted Leesey to accompany him, decedent created the hazard which caused his death, instead of the hazard arising out of and by virtue of his employment.

Under the circumstances here it cannot be contended that appellants' decedent created the hazard which caused his death by permitting Leesey to accompany him, unless it can be said, either from the evidence or reasonable inferences therefrom, that said decedent had reason to believe such accident might occur at the hands of Leesey. We cannot conclude that the decedent created the hazard which caused his death, especially in view of the ultimate fact found by the board that the shot wounds were inflicted by persons unknown.

Appellee urges that the uncontradicted evidence shows that the deceased permitted Leesey to accompany him on his trips without the knowledge of appellee; that Leesey inflicted the injury upon decedent which caused his death; and that appellants' decedent created the situation without the knowledge of his employer. There is no evidence, and no legitimate inference could reasonably be drawn that appellants' decedent had reason to suspect that Leesey would attempt to rob him or inflict the injury. Furthermore, there was no rule or condition in the employment restricting anyone from accompanying appellants' decedent on his trips.

We conclude that the Industrial Board is in error in finding as an ultimate fact that the death of the said James Eli Hunt was not due to any accidental injury

arising out of his employment with the appellee, and, therefore, the award of the full Industrial Board is contrary to law.

This cause is reversed with instructions to enter an award of compensation not inconsistent with this opinion.