.(No. 25821.—

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(MADGE JOHNSON, Defend-
ant in Error.)

*Opinion filed February 14, 1941—Rehearing denied April 8, 1941.*

BARNET HODES, Corporation Counsel, (ALEXANDER J. RESA, L. LOUIS KARTON, SYDNEY R. DRÉBIN, and THOMAS A. MURPHY, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, (JOHN D. CASEY, of counsel,) for defendant in error.

GEORGE W. ANGERSTEIN, THELMA BROOK, CHARLES WOLFF, and MARION J. HANNIGAN, for defendant in error, on rehearing.

THOMAS J. COURTNEY, State's Attorney, BENJAMIN S. ADAMOWSKI, CASSIUS M. DOTY, JACOB SHAMBERG, and DAVID J. MURPHY, for the Board of Election Commissioners and the County of Cook.

Mr. JUSTICE WILSON delivered the opinion of the court:

Madge Johnson, in an application for adjustment of compensation filed with the Industrial Commission, charged that Richard Johnson, her husband, sustained an injury, resulting in his death, while in the employ of the board of election commissioners of the city of Chicago, the city, and the county of Cook. The arbitrator found that Johnson and the city of Chicago had been operating under the provisions of the Workmen's Compensation act, and that the former had sustained accidental injuries arising out of and in the course of his employment, resulting in his death, and entered an award, in favor of his widow and against the city only, for $4000. The Industrial Commission sustained the award of the arbitrator, and the superior court of Cook county confirmed the decision of the commission. Upon the petition of the city of Chicago, we have allowed a writ of error for a further review of the record.

Uncontroverted testimony introduced in behalf of Madge Johnson, the defendant in error, discloses that her husband, Richard Johnson, fifty-four years of age, was employed as a clerk by the board of election commissioners

of the city of Chicago from February 17 to April 2, 1938. He performed clerical duties in the general offices until March 21 or 22 and rendered services of the same character in the lodging house department during the following week. Thereafter, he sat in front of a vault in the offices, guarding ballots. Rose M. Sullivan, his daughter, testified that on March 25, upon his return from work, he was limping and had a blister on his right foot, and medication was applied, and that for six days, beginning March 28, her father wore an old shoe, from which the heel had been removed. She further related that on April 2 he experienced chills and pains during the night; that a doctor examined his foot the next morning, but made no comment, and on April 4, although the blister appeared to be nearly healed, Johnson lapsed into a coma and was taken to a hospital, where he died on April 10. A report of a coroner's physician upon an autopsy stated that Johnson's death resulted from lobar pneumonia, complicated by an infected bruise on the right foot.

An instrument dated March 25, designated as an investigator's credential, purporting to authorize Johnson, over a *facsimile* signature of the chief clerk, to perform investigating work outside of the offices of the commissioners, was introduced in evidence. The testimony of the chief clerk and assistant chief clerk of the board of election commissioners and three assistants was to the effect that no one with authority had issued the credential, which lacked a requisite seal and was incomplete as to its date; that credential forms are accessible to anyone in the offices of the commissioners and have often been used by unauthorized persons, and that the records of the commissioners disclose no assignment of Johnson to outside work.

The only issue requiring consideration is whether Johnson's alleged accidental injury was a compensable injury within the contemplation of the Workmen's Compensation act. The claimant has the burden of showing that the in-

jury not only occurred in the course of the employment, but also arose out of the employment. (*Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241.) The words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place and circumstances under which the accident occurs. (*Vincennes Bridge Co.* v. *Industrial Com.* 351 Ill. 444; *Mueller Construction Co.* v. *Industrial Com.* 283 id. 148.) Both elements must be present at the time of the injury in order to justify compensation. An injury may be said to arise out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the injury and a danger peculiar to the work, and it does not result from a hazard to which the employee would have been equally exposed apart from his employment. (*Borgeson* v. *Industrial Com.* 368 Ill. 188; *Mazursky* v. *Industrial Com.* 364 id. 445.) Conversely, if an injury is caused by reason of some factor unrelated to the nature of the employment it cannot be said to arise out of the employment, as the causative danger must be peculiar to the work. This test excludes risks common to the neighborhood and the public, and not fairly traceable to the employment as a contributing, proximate cause.

The defendant in error, to sustain the judgment in her favor, has recourse to *Western Shade Cloth Co.* v. *Industrial Com.* 308 Ill. 554, *Reed & Co.* v. *Industrial Com.* 328 id. 345, and *Industrial Com.* v. *Mounjoy,* 173 N. E. (Ohio) 263. In *Western Shade Cloth Co.* v. *Industrial Com. supra,* a woman employee, whose work consisted of operating a machine for waxing cloth for automobile tops and chairs, suffered a blister on her thumb from pressure or rubbing when required to hold a cloth taut and straight as it passed over a roller. The issue presented in *Reed & Co.* v. *Industrial Com. supra,* concerned an injury to his leg sus-

tained by a night watchman in a shoe machinery manufacturing plant, whose duties were to tend the boiler, clean the factory and office, and carry papers from the office to the boiler room. In *Industrial Com.* v. *Mounjoy, supra,* an employee suffered two blisters on his foot when required to walk over ground on which automobile parts, tin cans, and other refuse and rubbish had been dumped. The roughness of the ground was held to constitute a hazard of the employment. In the foregoing cases, the injuries arose out of risks peculiar to the employment duties and different from the normal hazards to which the public, as well as the employees, were exposed. The hazard in the present case, however, closely resembles the risk involved in *Great American Indemnity Co.* v. *Industrial Com. supra,* where the entry of a cinder in the eye of an employee of an insurance company, while he was walking on a street in Chicago, was held not to have arisen out of his employment. The mere fact that Johnson may have sustained a blister while canvassing some section of the city of Chicago is not decisive. He was not required to, nor did he travel over any other surface, or one more likely to cause injury than the surface regularly used by the general public. The record fails to disclose sufficient facts or circumstances whereby a causal connection can be traced between his employment and his alleged accident. An employer is not intended, under the Workmen's Compensation act, to be an insurer of the safety of his employees. The defendant in error has failed to establish that her husband's injury was causally connected with the employment.

The defendant, the city of Chicago, raises the question of its legal liability for accidents occurring to employees of the board of election commissioners. In view of the result reached in this opinion it becomes unnecessary to consider this question.

The judgment of the superior court is reversed.

*Judgment reversed.*