STANLEY ET AL. *v.* PHILLIPPE ET AL.

[No. 18,267. Filed April 10, 1952.]

*John G. McNutt,* of Indianapolis, and *Jackson & Jackson,* of Versailles, for appellants.

*James L. Laupus,* of Seymour, and *Ewing E. Wright,* of Osgood, for appellees.

ROYSE, J.—In this case the parties in this court have entered into a stipulation, the pertinent portions of which are as follows:

"That the judgment of the Ripley Circuit Court from which the above entitled appeal was prosecuted should be in all things reversed.

"That the said Ripley Circuit Court should be ordered to re-state its conclusions of law, as follows:

1. That said court has jurisdiction of the parties and the subject matter.

2. That the plaintiffs are not entitled to have their title to the real estate described in their complaint quieted as against the defendants.

3. That the defendants are entitled to judgment against the plaintiffs, quieting the defendants' title to the real estate described as follows:

Beginning at a point forty (40) feet south of the northwest corner of lot numbered eight (8), in Block "D", as marked, laid out and designated on the recorded plat of Wakefield's Parkway Addition to the Town of Versailles, Ripley County, Indiana, running thence east parallel to the south line of lots eight (8), nine (9), ten (10) and eleven (11) in said Parkway Addition a distance of one hundred sixty (160) feet; thence south, parallel to the west line of said lot eleven (11), ten (10) feet; thence west parallel to south line of said lots eight (8), nine (9), ten (10) and eleven (11), one hundred sixty (160) feet to the west line of said lot numbered. eight (8); thence north along the west line of said lot numbered eight (8), a distance of ten (10) feet, to the place of beginning."

This is in effect a confession of error by appellees. Therefore, the judgment of the Ripley Circuit Court is reversed, and that court is ordered to re-state its conclusions of law as herein indicated, and to enter judgment accordingly.

NOTE.—Reported in 105 N. E. 2d 173.