PITTSBURGH TESTING LABORATORIES *v.* KIEL

[No. 19,345. Filed June 3, 1960.]

Isadore J. Fine, Joseph S. Hatfield, Charles H. Spar-

*renberger, Eugene P. Fine* and *Edward E. Meyer,* of counsel, all of Evansville, for appellant.

*Roland Obenchain, James H. Pankow* and *Jones, Obenchain, Johnson & Ford,* all of South Bend, for appellee.

SMITH, J.—This is an action brought by the appellee against the appellant to recover death benefits under the Indiana Workmen's Compensation Act. The action arose because of the death of Orval C. Kiel, an employee of the appellant. The issues were formed on appellee's application for compensation and the appellant's answer in denial thereto. The Full Industrial Board made the following findings: that the appellee's decedent on March 19, 1957, was in the employment of the appellant at an average weekly wage in excess of $55.00; that on said date the appellee's decedent sustained personal injury by reason of an accident arising out of and in the course of his employment with the appellant, which said accidental injury resulted in his death on the same date; that appellant had knowledge of said accidental injury and death but did not pay the statutory burial expenses of said decedent; that the appellee's decedent left surviving him as his sole and only dependent the appellee, Eunice V. Kiel, his widow with whom he was living and who was wholly dependent upon him at the time of his accident and death. Based on such findings the Full Industrial Board awarded the appellee, as against the appellant, compensation at the rate of $33.00 per week, beginning on March 19, 1957, for a period not to exceed 350 weeks, or in any event the total aggregate amount not to exceed $12,500.00. The Board further ordered the appellant to pay the stautory burial expense of the decedent, Orval C. Kiel, in the sum of $500.00.

Error assigned for reversal is that the award of the

Full Industrial Board is contrary to law and is not sustained by sufficient evidence. Appellant's assignment of error questions the finding and award of the Full Industrial Board and alleges that the accidental injuries which resulted in the death of the decedent, Orval C. Kiel, did not arise out of and in the course of his employment with the appellant.

In passing upon appellant's assignment of error, we are required to disregard all evidence which is unfavorable to the finding of the Industrial Board and consider only the favorable evidence and reasonable inferences supporting such finding. *Emmons* v. *Wilkerson, et al.* (1949), 120 Ind. App. 100, 89 N. E. 2d 296. With this rule in mind and considering the evidence most favorable to appellee, there was evidence in the record from which the Industrial Board could have properly found the following facts: that on March 19, 1957, between the hours of 8:00 a.m. and 9:00 a.m., while the appellee's decedent was driving alone in his automobile towards his residence at Boonville, Indiana, he received injuries, which thereafter caused his death, by reason of an automobile collision which occurred approximately one mile south of Boonville. That his death resulted upon the same date from such injuries. That the decedent's permanent home was in Mishawaka, Indiana, and that the decedent and the appellee were residing temporarily in Boonville, Indiana. That the decedent had worked for the appellant prior to his coming to Yankeetown, Indiana; that the decedent was employed in Yankeetown, at the Alcoa plant, as a tester of aggregates. That when the decedent first came to Yankeetown he was told by the appellant that his employment would be for two weeks, and that for two weeks after he first came to Yankeetown the decedent resided temporaily in Evansville,

Indiana. That while the decedent resided in Evansville, Indiana, he was allowed by the appellant, the sum of $7.00 a day for living expenses and was allowed 7¢ a mile for transportation expenses. That the decedent was employed about one-half of his time at the Alcoa site in Yankeetown, and during the other one-half of his employed time he was required to travel to other sites to inspect aggregate. That the decedent furnished his own means of transportation in travelling to and from the site at Yankeetown and these other sites. That he received a transportation allowance at the rate of 7¢ for each mile travelled between the site at Yankeetown and these other sites. That on the morning of March 19, 1957, the decedent reported for work at the Yankeetown site; and that within one-half hour after reporting to work the decedent informed his employer that he was ill and that he was leaving for his temporary residence in Boonville to seek the services of a doctor. That the decedent was allowed pay for one hour's service on March 19, 1957. That between December 1, 1956, and the date of the death of the decedent, the decedent received total wages in the sum of $1,062.57 and was reimbursed for expenses in the total amount of $933.11.

While the evidence is conflicting as to whether or not the decedent received transportation expenses for travelling to and from the work site at Yankeetown and his temporary residence in Boonville, there is evidence from which the Board could have deduced that the appellee's decedent did receive such a travel allowance.

The question involved in this appeal is whether under the above circumstances the appellee's decedent sustained personal injuries which arose out of and in the course of his employment. Whether or not an employee being injured in an accident, in

going to or from the place of his employment, sustains accidental injuries which can be said to arise out of and in the course of his employment depends upon the particular facts and circumstances of each case. The recorded cases present some confusion, and there must necessarily be a line beyond which the liability of the employer does not continue, and the question as to where that line is to be drawn has been held to be usually one of fact. *Emmons* v. *Wilkerson, supra; Schneider on Workmen's Compensation Law* (2d Ed.), §266, p. 776; *Bowen* v. *Keen* (1944), 154 Fla. 161, 17 So. 2d 706.

An accident occurring while an employee is going to or returning from his place of employment, or which occurs while the employee is engaged on a personal mission or errand, not connected with the duties of his employment, is not within the protection afforded employees by the Indiana Workmen's Compensation Act. *McFarland* v. *Common. Life Ins. Co.* (1939), 107 Ind. App. 13, 22 N. E. 2d 881; *Morgan* v. *United Taxicab Co.* (1938), 105 Ind. App. 340, 14 N. E. 2d 736; *Forman* v. *Chrysler Corp.* (1936), 102 Ind. App. 408, 2 N. E. 2d 806; *Cassagne* v. *Snow Hill Coal Corporation* (1940), 107 Ind. App. 556, 24 N. E. 2d 795.

There is an exception to the general rule, in that, where the employer requires the employee to use his own vehicle in the furtherance of his employment, injuries to the employee incurred while transporting his vehicle to or from the site of employment are compensable. We must determine whether the evidence in the instant case leads to but one reasonable conclusion that the appellee's decedent came within this exception to the general rule.

The uncontradicted evidence discloses that in the

instant case appellee's decedent furnished his own transportation to transport him from the work site at Yankeetown to other work sites; and there was also evidence that the employee's decedent was paid a travel allowance for such travel.

Where the use of an employee's vehicle is an integral part of the employment, injuries incurred while taking it to and from work are compensable. Thus, in the case of *Hunt* v. *Gaseteria, Inc.* (1938), 105 Ind. App. 197, 12 N. E. 2d 992, our Court held that where a maintenance man was asphyxiated in his own garage while preparing to go to work, his death was compensable under the Workmen's Compensation Act. It makes no difference if the employee is or is not specifically reimbursed for the cost of transporting his own vehicle to and from work. In the case of *Stadler Fertilizer Co.* v. *Bennett* (1954), 124 Ind. App. 524, 119 N. E. 2d 26, our Court held that where an employee was killed while returning home from a distant work site in his own vehicle, that his death was compensable under the Workmen's Compensation Act on the theory that the use of the vehicle was necessary to suit the convenience of the employer.

This exception to the general rule is recognized in other jurisdictions. See *Spry* v. *Polt*, 142 A. 2d 484 (Pa., 1958); *Driscoll Const. Co.* v. *Ind. Comm.*, 31 P. 2d 491 (Colo., 1934); *Davis* v. *Bjorenson*, 293 N. W. 829 (Iowa, 1940), *Borak* v. *H. E. Westerman Lbr. Co.*, 58 N. W. 2d 567 (Minn., 1953). In the *Borak* case decedent customarily used or was expected to use his automobile in his employment. When used on the job, decedent was reimbursed at 7¢ a mile, but was not reimbursed for mileage to and from work. He was asphyxiated in his own garage before leaving for work. The court,

in this case, held that the death arose out of and in the course of the employment.

Under the evidence it is our opinion that the Board was justified in holding that the facts and circumstances in this case brought the appellee's decedent within the above exception to the general rule, namely, that the employer required the appellant's decedent to furnish his own vehicle to travel between the work site at Yankeetown and other work sites of employment; that the employer reimbursed the appellee's decedent for such transportation and that the furnishing of such transportation by the appellee's decedent was a necessary and integral part of his employment. It is therefore our opinion that the Board correctly found that appellee's decedent suffered an accidental injury which arose out of and in the course of his employment.

While it is urged by the appellee that the facts and circumstances of this case clearly bring the case within other exceptions to the "going and coming" rule, in the light of what we have said before it is not necessary to discuss these other exceptions.

The appellant relies upon the case of *Emmons* v. *Wilkerson, supra* and the case of *Keller* v. *H. P. Wasson & Co.* (1958), 129 Ind. App. 59, 153 N. E. 2d 386, in support of its contention that the award of the Board was contrary to law. In both of these cases, which involved travel to and from work and wherein compensation was denied, the court affirmed a ruling by the Board adverse to the claimant and commented heavily upon the proposition that it is for the Industrial Board to determine the facts and such determination can not be reversed by a court of appeals only upon a conclusive showing to the contrary. However, in the instant case, the Board made an award in favor of the claimant, and, applying the rule announced in

these two cases, we can only reverse the finding of the Board upon a conclusive showing to the contrary. It is our opinion that the evidence was clearly sufficient to sustain the award of the Full Industrial Board, and the award was not contrary to law. A finding of fact by the Full Industrial Board is conclusive when supported by competent evidence and an award based thereon will not be disturbed on appeal. *Emmons* v. *Wilkerson, supra; Bell* v. *Goody, Goody Products Co.* (1945), 116 Ind. 181, 63 N. E. 2d 147; *Johnson* v. *P. R. Mallory Co.* (1946), 117 Ind. App. 119, 69 N. E. 2d 757; *Logan* v. *Acme Mach. Products Co.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. 2d 97.

We find no reversible error, and the award is therefore affirmed.

Bierly, C. J., Kelley and Gonas, JJ., concurring.

NOTE.—Reported in 167 N. E. 2d 604.