MOORE ET AL. *v.* L. O. GATES CHEVROLET, INC.

[No. 20,582.   Filed May 4, 1967.   Rehearing denied May 23, 1967. Transfer denied February 21, 1968.]

*William E. Mills* and *George P. Roberts,* and *Mills & Rowe,* of counsel, all of South Bend, for appellants.

*James H. Pankow,* of South Bend, for appellee.

FAULCONER, J.—This is an appeal from an award of a majority of the Full Industrial Board of Indiana—one member dissenting—denying compensation to the dependents of the deceased on the ground that the "accident did not arise out of, nor was said accident in the course of his [deceased] employment with the defendant herein, . . . ." Appellant

Doris Faye Moore, urges "that the evidence conclusively leads reasonable men to conclude that her decedent's death resulted from an accident which both arose out of, and in the course of, his employment by the defendant-appellee."

This being a negative finding against the appellants who had the burden of proof, the question to be decided is whether the evidence entitled appellants to the relief which was denied them by the award. *Shaffer* v. *Indiana Gas and Chemical Corporation* (1965), 137 Ind. App. 471, 209 N. E. 2d 919, 6 Ind. Dec. 255.

The award of the Board cannot be set aside in this case unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that the appellant was entitled to an award under our Workmen's Compensation Act. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 686, 77 N. E. 2d 116.

In *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, at page 161, 147 N. E. 919, this court said:

"This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it."

In *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, at page 374, 44 N. E. 2d 998, this court said:

" 'Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditioins under which the employee works and the injury.' [Quotation from *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762.]

"The phrase 'in the course of' points to the place and circumstances under which the accident takes place and the time when it occurs."

And, further, at page 376,

"Before an injury is in the course of the employment, the employee must be fulfilling the duty of the employment or be engaged in doing something incidental to it. . . ." *C. & E. Trucking Corp.* v. *Stahl* (1964), 135 Ind. App. 600, 605, 181 N. E. 2d 21, (Transfer denied, 196 N. E. 2d 271).

For a similar definition see *Bettasso* v. *Snow-Hill Coal Corp.* (1963), 135 Ind. App. 396, 401, 189 N. E. 2d 833, (Transfer denied).

Whether the accident arose out of and in the course of decedent's employment with appellee was an issue within the province and the duty of the Board to determine as an ultimate fact. The Board's conclusion, if sustained by competent evidence of probative value, or legitimate inferences therefrom, will not be disturbed by this court on appeal. *C. & E. Trucking Corp.* v. *Stahl, supra; Shaffer* v. *Indiana Gas and Chemical Corporation, supra;* Small, Workmen's Compensation Law, § 12.14, p. 415 (1950).

The evidence in the record before us discloses that appellants' decedent was an employee of appellee as assistant service manager; that he was paid a "straight salary"; that his working hours were from seven o'clock A.M. to six o'clock P.M.; that on the night of his death decedent and another employee left work—the exact time and circumstances are conflicting—in an automobile owned by appellee, without knowledge of appellee, and drove to the American Legion in Mishawaka where they stayed about two hours and consumed three or four beers. They then drove around, stopped and had a sandwich and coffee, and arrived at a place known as the "Dog House Tavern" about eleven o'clock or 11:30 P.M. on decedent's suggestion that they "have another beer and go home." While there another man talked with the decedent con-

cerning some trouble he was having with his Corvette automobile, and then the decedent and the owner of the Corvette automobile left together. It was while decedent was driving the Corvette on this "test run" that he had an accident in which he was killed. A police officer dispatched to the scene testified that he arrived "shortly after the call, after 12:00 P.M., midnight."

The evidence crucial to the issue in this appeal, in our opinion, is not without conflict nor is it, or the legitimate inferences therefrom, so indisputable that reasonable minds could only find that the accident causing decedent's death arose out of and in the course of his employment.

Appellants rely strongly upon the facts that decedent was wearing the service uniform of his employer, and that the employer urged the employees to solicit business. However, the evidence is not clear as to the extent such solicitation was urged, and it is undisputed that appellee-company strictly forbade drinking on the job, and an employee found drinking was sent home.

Appellants further stress the statement made by decedent to his fellow worker as he (decedent) was leaving the "Dog House Tavern" with the owner of the Corvette: "Watch me, I am going to get this tune-up into the garage," as supporting their position. Although this is some evidence favorable to appellants on this issue there is other evidence of probative value, or inference therefrom, concerning the understanding between decedent and the owner of the Corvette. This other evidence, considered with all the evidence favorable to appellee, in our opinion, supports the findings and award of the Board. From the evidence in the record in this cause we cannot say, as a matter of law, that reasonable minds could only reach a conclusion contrary to this award.

This court in *Stanley* v. *Riggs Equipment Co., Inc.* (1962), 133 Ind. App. 86, at page 92, 178 N. E. 766, said:

"[I]t is not sufficient to merely show employment and an injury during the period of employment, but the claimant must go further and show by evidence having probative value that the injury had its origin in a risk connected with the employment and that it flowed from that source as a national consequence." *Bettasso* V. *Snow-Hill Coal Corp., supra,* (1963), 135 Ind. App. 396, 401, 189 N. E. 2d 833, (Transfer denied).

Finding no reversible error, the award of the Industrial Board is affirmed.

Award affirmed.

Cooper, C. J. and Carson, J., concur.

Prime, J., dissents with opinion.

## DISSENTING OPINION

PRIME, J.—The majority opinion in this case is one in which I have great difficulty finding any ground of agreement. It offends my sense of justice and I cannot concur.

These appellants were the wife and children of a man who was killed in performing work which he did every day of his life on his job. This consisted of testing an automobile for a potential customer of the firm for which he worked.

The fact that he was on his way home when the accident occurred should have no bearing on the case. I am sure that the deceased spent a great deal of his time road testing customer's cars looking for various mechanical flaws at odd hours.

In my opinion the fact that he was in a tavern when the person asked him to test his car should have no bearing on the case. To bring this up is prejudicial and immaterial to the case. This man could have been at home drinking a beer or a glass of milk when the owner of the car asked him to road test it. Would this have been different than the existing circumstances?

This appeal is simply a case of determining the age old question of "when is an occurrence in the course of employment."

This claimant was dressed in his work uniform as assistant service manager at the time. What is more natural than to respond to a request for service when asked? This man was not an ordinary workman in a factory. He was a service manager. It is safe to say that he received many calls for service away from the garage. To say that he was completely off the job the minute he left the garage is the wrong application of the law in my opoinion.

I wish to point out that the hearing member who heard the testimony in this case held in favor of the claimant.

The books are replete with cases which always resolve questionable or doubtful cases in favor of the employee. The law should be applied in a broad-gauged and enlightened manner.

The majority opinion does just the opposite here.

Therefore I cannot concur with such a decision and I wish to register my dissent.

NOTE.—Reported in 225 N. E. 2d 854.