MARSHALL ET AL. *v.* TRIBUNE-STAR PUBLISHING CO., INC.

[No. 667A17. Filed January 17, 1969. Indiana Supreme Court, on petition to transfer. For Appellate Court opinion see 142 Ind. App. 556, 236 N.E. 2d 508.]

*Tony Foster, Bingham, Summers, Welsh & Spillman,* of Indianapolis, for appellants.

*Edward J. Ohleyer, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

HUNTER, J.—This case comes before this Court on a petition to transfer which was filed by the appellee, Tribune-Star Publishing Co., Inc. The petitioner is engaged in the publication of two daily newspapers in Terre Haute, Indiana, and this controversy grows out of a claim for workmen's compensation benefits filed by the widow of Raymond J. Marshall. The deceased was one of Petitioner's employees on the date of his death. An extensive statement of the facts appears in the opinion of the Appellate Court, reported at 142 Ind. App. 556, 236 N. E. 2d 508, and needs no repetition here. Briefly, Mr. Marshall was killed in an automobile collision which occurred at about 5 A. M. on May 21, 1961. As an employee of petitioner, one of Mr. Marshall's duties was to deliver bundles

of morning papers to various drop-off points in the city of Terre Haute, using his own auto to do so. The resolution of this claim for workmen's compensation benefits turns upon whether or not the decedent's fatal injuries were suffered "by accident arising out of and in the course of the employment." Ind. Anno. Stat. § 40-1202 (1965 Repl.)

The evidence in this cause was presented before a Single Member of the Industrial Board on March 29, 1966, and, after due consideration, that member determined that the death of Raymond Marshall did result from an accident "arising out of and in the course of the employment." Thereafter, the cause was reviewed by the full Industrial Board on February 15, 1967. The Full Board reversed the finding of the single member, holding that Marshall's injuries and death "were not caused by an accident arising out of and in the course of his employment with the defendant." Following this decision by the Full Board, Mrs. Marshall appealed the matter to the Appellate Court of Indiana, which court, on April 30, 1968, reversed the decision of the Full Industrial Board stating:

"It is our opinion that the facts in the case at bar lead inescapably to the conclusion that the death of appellant's decedent was in the course of his employment and that the award of the Industrial Board was contrary to law." *Marshall* v. *Tribune-Star Publishing Co.* (1968), 142 Ind. App. 556, 236 N. E. 2d 508.

The opinion of the Appellate Court notes that Marshall was required to use his own automobile on this job, and that he was paid a car allowance of $5.00 per week in addition to his salary of $14.00 per week. The fact that it was decedent's duty to use his car to deliver papers to drop-off points is supported by the uncontradicted testimony of Petitioner's own witness, John Melosch, and is, therefore, part of the evidence most favorable to the Appellee-Petitioner. See *Emmons* v. *Wilkerson* (1949), 120 Ind. App. 100, 89 N. E. 2d 296.

It is the well-established law of this state that in reviewing the sufficiency of the evidence to support findings of fact made by an administrative agency, this court will only overturn an agency finding if it appears that the evidence upon which the agency acted was devoid of probative value, or so meager as to lead to the conviction that the finding does not rest upon a rational basis, or where it appears that the result of the hearing must have been influenced by improper considerations. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

In the case at bar, we believe that despite this stringent rule is was necessary for the Appellate Court to reverse the award of the Industrial Board. Even when the evidence is viewed most favorably in all respects to the award made by the Full Board, together with all reasonable and logical inferences to be drawn therefrom, it nevertheless appears from the uncontroverted evidence of petitioner's own witnesses that the decedent was required to use his automobile to carry out the duties of his employment, that he was given an expense allowance of $5.00 per week therefor, and that at the time of the collision which caused his death the decedent was enroute *from* his employment with petitioner either to his home or to the dairy where he was employed after 7 o'clock in the morning as a milkman. These necessary findings of fact make irrelevant to the disposition of this case any determination of whether or not the decedent had completed his route of paper drop-offs.

In *Pittsburgh Testing Laboratories* v. *Kiel* (1960), 130 Ind. App. 598, 167 N. E. 2d 604, a somewhat similar situation arose. The Appellate Court stated in that case:

> "The uncontradicted evidence discloses that in the instant case appellee's decedent furnished his own transportation to transport him from the work site at Yankeetown to other work sites; and there was also evidence that the employee's decedent was paid a travel allowance for such travel. *"Where the use of an employee's vehicle is an*

*integral part of the employment, injuries incurred while taking it to and from work are compensable."* 130 Ind. App. at 603, 604, 167 N. E. 2d at 606, 607. (our emphasis)

The above-quoted statement thus recognizes an exception to the general rule that an auto accident which occurs while an employee is traveling to or from his place of employment is not within the protection of the Indiana Workmen's Compensation Act. That exception is:

"(W)here the employer requires the employee to use his own vehicle in the furtherance of his employment, injuries to the employee incurred while transporting his vehicle to or from the site of employment are compensable." *Pittsburgh Testing Laboratories* v. *Kiel, supra,* 130 Ind. App. at 603, 167 N. E. 2d at 606.

We recognize that in the *Pittsburgh* case the Full Board had made an award in favor of the claimant which was being affirmed by the Appellate Court. However, this consideration has no bearing on the law that the Industrial Board was bound to apply to certain uncontroverted facts which were placed before it.

It is the duty of the Industrial Board to apply the Indiana Workmen's Compensation Statutes in a consistent manner and as they have been interpreted by the Appellate Court and by this Court. The rule of law enunciated in *Pittsburgh Testing Laboratories* v. *Kiel, supra,* is classically applicable to the facts presented by this case. It was therefore incumbent upon the Appellate Court to hold that the Full Industrial Board committed error in failing to apply the law of Indiana to the facts of this case. That error was fatal to the Board's decision and insofar as the reversal of this case by the Appellate Court was based on that ground, the Appellate Court, was correct. The only difference between our view of this case and the view expressed in the opinion of the Appellate Court is in the broadness of the grounds relied upon by the Appellate Court for reversal. We do not

feel it is necessary to reverse this case on the basis of substantiality of the evidence when, accepting the uncontroverted testimony of petitioner's own witness, the respondent was entitled to compensation as a matter of law. For all of the foregoing reasons, the petition to transfer is denied, and the decision of the Appellate Court is affirmed. This case is remanded to the Industrial Board for proceedings not inconsistent with this opinion.

Petition to transfer denied and judgment affirmed.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 243 N. E. 2d 761.