## WEEKS v. WA-NEE COMMUNITY SCHOOLS.

[No. 1268A216. Filed August 25, 1969. No petition for rehearing filed.]

*Hodson & Osborn,* of Kokomo, for appellant.

*Hunt, Suedhoff & Wilks,* of Fort Wayne, for appellee.

PFAFF, C.J.—Appellant was injured in an automobile accident and subsequently claimed that her injury arose out of and in the course of her employment as a teacher employed by the appellee. The Full Industrial Board determined that appellant's injury was not compensable and entered an award

in accordance with that determination. Appellant now alleges that the finding of the Industrial Board is contrary to law.

On October 21 and 22, 1965, appellant was attending meetings of the Indiana State Teachers' Convention at Fort Wayne, Indiana. While at the convention she attended the requisite number of conferences and was paid her regular salary for her attendance. By noon of the second day of the convention, she had attended all of the required sessions. On the afternoon of the same day, October 22, 1965, appellant accompanied another teacher, Susan Nelson, to a workshop for cheerleaders at Leo High School, which is twelve miles from Fort Wayne. Miss Nelson had agreed to sponsor this activity and appellant accompanied her to give assistance. This workshop was not in any manner connected with scheduled activities of the Teachers' Convention at Fort Wayne, Indiana, and appellant did not receive any compensation for her attendance there. Other testimony revealed that appellant's activities at the cheerleading workshop would be considered in-service training, and, further, that while at the Teachers' Convention she had the privilege of engaging in other activities incidental to her employment as a physical education teacher and cheerleader advisor. There was also evidence that employees of the appellee could be paid in lieu of the Indiana State Teachers' Convention for in-service type training. Further, both appellant and appellee considered the Leo cheerleading workshop an activity connected with appellant's employment. Appellant was injured in the automobile accident on the return trip from Leo High School to Fort Wayne.

The Full Industrial Board specifically found that appellant sustained personal injuries as a result of an accident that did not arise out of and in the course of her employment, but, rather, was the result of a personal mission unconnected with her employment.

The record in this case contains conflicting evidence, as can be seen from our brief recitation of the most significant facts

before the Industrial Board. We are not at liberty to disturb the Industrial Board's denial of compensation when the award appealed from was based upon conflicting and disputed evidence. *Moore* v. *L. O. Gates Chevrolet, Inc.* (1967), 140 Ind. App. 672, 225 N. E. 2d 854 (Transfer denied). Additionally, we readily agree that the evidence of this case does not lead inescapably to the conclusion that appellant Weeks sustained an injury compensable under the Workmen's Compensation Act. Our volumes of reported decisions are replete with cases employing the same or similar language as that just stated. Further, we believe it unnecessary to again recite those numerous decisions which delineate the types and quantum of evidence necessary to sustain an award based upon conflicting evidence. Four our purposes herein, it is sufficient to state that this record meets every reasonable evidentiary requirement necessary to a decision that appellant's mission was personal rather than compensable.

Award affirmed. Costs to be assessed against appellant.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 258.